UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ENRIC MALLORQUI-RUSCALLEDA, )<br>)<br>*Plaintiff*, )<br>v. )<br>)<br>THE TRUSTEES OF INDIANA UNIVERSITY )<br>– PURDUE UNIVERSITY INDIANAPOLIS, )<br>)<br>*Defendant*. ) | Case No. 1:24-cv-00519-SEB-MG |

## CASE MANAGEMENT PLAN

**I.     Parties and Representatives**

    A.    Plaintiff, Enric Mallorqui-Ruscalleda

          Defendant, The Trustees of Indiana University – Purdue University Indianapolis

    B.    Andrew Dutkanych III
          BIESECKER DUTKANYCH & MACER, LLC
          144 North Delaware Street
          Indianapolis, IN 46204
          Phone:        (317) 991-4765
          Facsimile:    (812) 424-1005
          Email:         ad@bdlegal.com
          *Counsel for Plaintiff*

          John R. Maley
          Amanda Jane Gallagher
          Charity Seaborn
          BARNES & THORNBURG LLP
          11 South Meridian Street
          Indianapolis, IN  46204
          Telephone:   (317) 231-7464
          Facsimile:    (317) 231-7433
          Email:         jmaley@btlaw.com
                            amanda.gallagher@btlaw.com
                            charity.seaborn@btlaw.com
          *Counsel for Defendant*

    Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. Jurisdiction and Statement of Claims

A. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

B. **Plaintiff's Statement of Claims**: Plaintiff alleges one count of Race Discrimination alleging that the Defendant violated Title VII of the Civil Rights Act of 1964, as amended. Mallorqui-Ruscalleda began working for Defendant on or around August 1, 2018, and most recently held the position of Assistant Professor of Spanish and Translation Studies. Mallorqui-Ruscalleda also undertook several additional roles within the Defendant without formal compensation. On or about March 15th, 2020, Defendant moved all employees to work remotely due the COVID-19 pandemic. Even after COVID-19 restrictions had ended, Mallorqui-Ruscalleda remained a remote employee for three (3) years. On or about January 19, 2023, Defendant notified Mallorqui-Ruscalleda that his remote status would end and that he needed to be in-person on January 23, 2023. Non-spanish nationals and non-Hispanic employees who work in the same department as Mallorqui-Ruscalleda have been allowed to work remotely. For example, Dr. Thorsten Carstensen, Dr. Nicole Neumann, Dr. Obioma Nnaemeka, Dr. Didier Bertrand, and Dr. Karen Karducci were all permitted to teach remotely for extended periods of time. On or about May 10, 2023, Mallorqui-Ruscalleda was placed on indefinite unpaid leave for not attending work in-person Defendant discriminated against Mallorqui-Ruscalleda based on his race and/or national origin in violation of Title VII of the Civil rights Act of 1964.

C. **Defendant's Statement of Claims**: Defendant denies that it violated Title VII of the Civil Rights Act of 1964, or any other law. At the height of the COVID-19 pandemic Defendant asked all of its faculty to limit travel and as a result entered into an agreement with Plaintiff that allowed him to teach his courses remotely until fall 2021 academic semester. Plaintiff returned to campus and taught his courses in person for the fall 2021 academic semester. In February 2023, Plaintiff took an approved leave of absence but refused to return to work, in person, after he exhausted said leave. As such, Defendant terminated Plaintiff's employment for failing to adhere to Defendant's teaching requirements for faculty. Defendant denies treating Plaintiff less favorably than other faculty members not within Plaintiff's protected class. Defendant further denies that Plaintiff has suffered any damages as a result of any actions by Defendant. As such, Defendant denies all of Plaintiff's allegations and asserts that Plaintiff is not entitled to any relief. Defendant also points the Court to its affirmative defenses set forth in its Answer to the Complaint.

## III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **June 12, 2024**.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **June 19, 2024.**

C. Defendant(s) shall file preliminary witness and exhibit lists on or before **June 26, 2024.**

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **August 20, 2024**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **August 20, 2024**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **March 20, 2025**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 21, 2025**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **April 21, 2025**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **July 22, 2025**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **May 20, 2025**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. Discovery of electronically stored information ("ESI"). If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

3

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. **Discovery[1] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion?

Yes, Defendant anticipates filing a Motion for Summary Judgment on all of Plaintiff's claims. Defendant's Answer also asserts various defenses upon which some or all of Plaintiff's claims (and/or all or part of his request for damages) could be disposed of via summary judgment.

B. On or before **January 27, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

__X__ Track 2: Dispositive motions are expected and shall be filed by **March 20, 2025**; non-expert witness discovery and discovery relating to liability issues shall be completed by **January 20, 2025**; expert witness discovery and discovery relating to damages shall be completed by **June 20, 2025**. All remaining discovery shall be completed by no later than 16 months from Anchor Date.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. <u>**Pre-Trial/Settlement Conferences**</u>

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in April 2025**

VI. <u>**Trial Date**</u>

The parties request a trial date in **November 2025**. The trial is by jury and is anticipated to take **3** days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

VII. <u>**Referral to Magistrate Judge**</u>

A. **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial. [This section should be marked in the affirmative only if all parties consent. Do not indicate if some parties consent and some do not. Indicating the parties' consent in this paragraph may result in this matter being

5

      referred to the currently assigned Magistrate Judge for all further proceedings, including trial. It is not necessary to file a separate consent. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

    B.    **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

### VIII. Required Pre-Trial Preparation

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and

        areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX. **Other Matters**

None.

Respectfully submitted,

*s/ Andrew Dutkanych III*
Andrew Dutkanych III
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, IN 46204
Phone:        (317) 991-4765
Facsimile:     (812) 424-1005
Email:         ad@bdlegal.com

*Counsel for Plaintiff*

*s/ Charity Seaborn*
John R. Maley
Amanda Jane Gallagher
Charity Seaborn
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN  46204
Telephone:        (317) 231-7464
Facsimile:         (317) 231-7433
Email:              jmaley@btlaw.com
                        amanda.gallagher@btlaw.com
                        charity.seaborn@btlaw.com

*Counsel for Defendant*

8

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ ON _____.  FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**