UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
01/15/2025
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

| | |
|---|---|
| ENRIC MALLORQUI-RUSCALLEDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:24-CV-00519-SEB-MG |
| ) | |
| THE TRUSTEES OF INDIANA ) | |
| UNIVERSITY-PURUDUE ) | |
| UNIVERSITY INDIANAPOLIS, ) | |
| ) | |
| Defendant. ) | |

**FORMAL NOTICE OF IMMINENT PERSONAL SERVICE REGARDING INDIVIDUAL LIABILITY**

Dear Mr. Wynn,

I hope this message finds you well. I am writing to provide an update regarding CAUSE NO. 1:24-CV-00519-SEB-MG and to raise critical concerns regarding actions taken by certain individuals. Based on the information currently available, these actions may fall outside the scope of their employment and could potentially raise issues of personal liability under applicable federal and state laws.

As such, I anticipate that certain individuals, including Dr. Rachel Applegate, Dean Tami Eitle, Dr. Margaret Fergusson, Dr. Kathy Johnson, Dr. Carol Anne Murdoch-Kinch, Mr. Jamie Creig, President Pamela Whitten, Dr. Rosa Tezanos-Pinto, Dr. Thomas Upton, and Mr. Jose Vargas Vila, may soon be served in their personal capacities. This list is not exhaustive and may be adjusted as further information becomes available during discovery. I will ensure that all necessary steps are taken in compliance with applicable procedural rules.

Federal and state laws, supported by well-established judicial precedents, provide clear guidance on personal accountability for individuals who act beyond the scope of their employment. The Supreme Court's decision in *Harlow* v. *Fitzgerald* (457 U.S. 800, 1982) affirms that qualified immunity does not shield individuals who violate clearly established rights of which a reasonable person would have known. Similarly, *Ex parte Young* (209 U.S. 123, 1908) highlights that public officials may be held accountable for violating federal law. Indiana law, through the Indiana Tort Claims Act, explicitly excludes protection for employees engaging in intentional or reckless misconduct. These principles are further reinforced by Title VII of the Civil Rights Act and the Americans with Disabilities Act, which prohibit acts of discrimination, retaliation, and harassment. Courts, including the Seventh Circuit, have upheld personal liability for intentional violations of these statutes.

Additionally, I must express concern over continued direct communication initiated by some of these individuals despite explicit and repeated requests for such contact to cease. Although this issue was previously brought to the attention of your office, no action has been taken to address my concerns (Exhibit 1). This ongoing conduct may constitute harassment and retaliation under federal and state laws, exacerbating the harm caused and further violating established legal protections.

I understand, based on the information provided on your office's website (source: https://vpgc.iu.edu/about/index.html), that "Our office represents the University, including University officials acting in their official capacities. Our office does not represent individual faculty, staff members, or students in personal legal matters including employment or student relationships with the University. For help with personal legal matters, please see our Useful Links page." (Exhibit 2). However, the scope of your representation remains unclear in light of your email dated January 14, 2025, which states, "You also do not have permission to contact anyone that you know, or reasonably should know is represented by university counsel." (Exhibit 3). If my understanding regarding the representation of these individuals is incorrect, I would appreciate clarification at your earliest convenience.

Due to the nature and persistence of this issue, I have deemed it necessary to bring these concerns before the court to ensure compliance with procedural rules and to safeguard against any further inappropriate actions.

For procedural transparency, I am copying the court on this correspondence and attaching prior correspondence that documents my requests and communications regarding these matters. Should further conduct of this nature occur, I reserve the right to document and address it appropriately as part of the ongoing litigation.

I remain available to discuss or clarify any of the concerns raised herein and trust that all future communications will reflect the professionalism and diligence required to uphold the rule of law. Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Enric Mallorquí Ruscalleda*
Enric Mallorquí Ruscalleda, PhD, JD, LLM
Pro Se Litigant

**List of Exhibits:**

1- **Exhibit 1:** Demonstrates my prior attempts to request the cessation of unwanted contact and opposing counsel's lack of response.
2- **Exhibit 2:** Supports my argument regarding the limited scope of representation provided by the Office of the Vice President and General Counsel.
3- **Exhibit 3:** Highlights the ambiguity in opposing counsel's instructions, justifying your need for clarification.

**Certificate of Service**

I hereby certify that on January 15, 2025, a true and correct copy of the foregoing *Formal Notice of Imminent Personal Service Regarding Individual Liability* was served upon Defendant's counsel via email, as required by the Federal Rules of Civil Procedure, to:

Mr. Myekeal D. Wynn
Assistant General Counsel

Indiana University
Office of the Vice President and General Counsel
301 University Blvd, Room 5030
Indianapolis, IN 46202
(317) 274-4799
myesmith@iu.edu

*/s/ Enric Mallorquí Ruscalleda*
Enric Mallorquí Ruscalleda, PhD, JD, LLM
Pro Se Litigant
