

Enric Mallorqui-Ruscalleda, PhD, JD <enric.mallorqui.ruscalleda@gmail.com>

---

## Follow-Up on Discovery Obligations in CAUSE NO. 1:24-CV-00519-SEB-MG

**Wynn, Myekeal** <myesmith@iu.edu>  Tue, Jan 14, 2025 at 7:56 PM
To: "E Mallorqui, PhD, JD" <enric.mallorqui.ruscalleda@gmail.com>
Cc: "Jbara, Anne E" <annewilk@iu.edu>, "Stultz, Emily" <emstultz@iu.edu>

Thank you, Enric,

For transparency, and in the case that this email is included in filings, I am attaching the communications that we have had to this response.

To reiterate, we are under no obligation to provide any of the information that you requested in the format in which you made the request. You also do not have permission to contact anyone that you know, or reasonably should know is represented by university counsel. We are in receipt of your "Deficiency Letter." We are currently evaluating the contents thereof, and will provide a response by the deadline that you included in the same, to wit, January 24, 2025. In your letter, you proposed a meet and confer deadline of Wednesday January 22, 2025. We do not believe that this meet and confer deadline is feasible because it is before the deadline of January 24, 2025. We will be in touch with a meet and confer deadline that makes sense in light of the response that your letter necessitates.

Best,

**Myekeal D. Wynn**

Assistant General Counsel

301 University Boulevard

University Hall 5030

Indianapolis, IN 46202



Confidentiality Notice: This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** E Mallorqui, PhD, JD <enric.mallorqui.ruscalleda@gmail.com>
**Sent:** Tuesday, January 14, 2025 1:29 PM
**To:** Wynn, Myekeal <myesmith@iu.edu>
**Cc:** Jbara, Anne E <annewilk@iu.edu>; Stultz, Emily <emstultz@iu.edu>; Enric Mallorqui-Ruscalleda, PhD, JD <enric.mallorqui.ruscalleda@gmail.com>
**Subject:** [External] Follow-Up on Discovery Obligations in CAUSE NO. 1:24-CV-00519-SEB-MG

> This message was sent from a non-IU address. Please exercise caution when clicking links or opening attachments from external sources.

[Quoted text hidden]

---------- Forwarded message ----------
From: "E Mallorqui, PhD, JD" <enric.mallorqui.ruscalleda@gmail.com>
To: "Wynn, Myekeal" <myesmith@iu.edu>
Cc:
Bcc:
Date: Tue, 14 Jan 2025 18:11:14 +0000
Subject: Re: [External] Submission of Notice and Request for Certified Interpreter

Dear Mr. Wynn,

Thank you for your response. While I acknowledge your reference to FRCP 32 and the 14-day notice period for depositions, I must highlight the unique circumstances that have significantly impacted my ability to prepare within the timeframe provided.

As a pro se plaintiff residing in Spain, I am facing logistical challenges compounded by the holiday season here, which extends through January 6. During this period, most businesses and essential services operate on limited schedules or remain entirely closed, with normal activities resuming only on January 7. This, combined with the international time difference, has severely restricted my ability to act promptly and secure necessary arrangements, such as legal advice or interpreter services, within the technical 14-day window.

Moreover, my current residence in Spain is a direct consequence of the economic hardship caused by your clients' actions, which forced me to leave the United States. Their misconduct and the resulting retaliation left me with no viable financial alternative but to relocate. Adding to these challenges, I was bedridden for 12 days during this period due to health issues, further hindering my capacity to respond in a timely manner.

While I understand that the University may have technically complied with FRCP 32, I trust that the court will take into account these broader contextual factors to ensure fairness and equity in these proceedings. I remain committed to cooperating and resolving this matter appropriately, despite the considerable challenges posed by the circumstances created by your clients.

Best regards,
Enric
---
Enric Mallorquí-Ruscalleda, PhD, JD, LLM

On Tue, Jan 14, 2025 at 7:03 PM Wynn, Myekeal <myesmith@iu.edu> wrote:

> Mr. Ruscalleda,
>
> We hear and appreciate your position. By way of rebuttal, I would encourage you to view FRCP 32, which provides that the notice period for a deposition is fourteen days. The University has complied with Rule 32, and noticed your deposition, accordingly.
>
> **Myekeal D. Wynn**
>
> Assistant General Counsel

301 University Boulevard

University Hall 5030

Indianapolis, IN 46202



Confidentiality Notice: This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** E Mallorqui, PhD, JD <enric.mallorqui.ruscalleda@gmail.com>
**Sent:** Tuesday, January 14, 2025 12:57 PM
**To:** Wynn, Myekeal <myesmith@iu.edu>
**Cc:** Stultz, Emily <emstultz@iu.edu>; Jbara, Anne E <annewilk@iu.edu>; Enric Mallorqui-Ruscalleda, PhD, JD <enric.mallorqui.ruscalleda@gmail.com>
**Subject:** Re: [External] Submission of Notice and Request for Certified Interpreter

Dear Mr. Wynn,

Thank you for your response. However, the points you raise are both irrelevant and partially false, as your statements tend to be, as has been demonstrated in other instances. Your claim that my ability to handle the deposition without an interpreter is assured due to my academic and professional background is not only speculative but also dismissive of the realities of my neurological condition. That is not going to happen just because you say so.

Furthermore, it is unreasonable for you to criticize the timing of my request when I was notified of the deposition on January 2, leaving me with minimal time to prepare. If I have refrained from filing a motion earlier, it was solely to facilitate communication and avoid burdening the court unnecessarily due to your failure to engage in good-faith practices and comply with the applicable rules.

I am now filing a motion with the court to address this matter. I trust the court will ensure fairness and adherence to the appropriate standards.

Best regards,Enric

---

Enric Mallorquí-Ruscalleda, PhD, JD

On Tue, Jan 14, 2025 at 6:08 PM Wynn, Myekeal <myesmith@iu.edu> wrote:

> Mr. Ruscalleda,
>
> We have received your Notice and Request for Certified Interpreter under the ADA. In short, our response is as follows:
>
> 1. The ADA is not applicable to this deposition. You are no longer a patron or employee of the University, thus the University owes you no accommodations under the ADA.
> 2. Being a non-native English speaker is not a protected disability under the ADA.

3. We are confident that because you obtained a Ph.D from an English speaking institution, have testified as an expert witness in other court proceedings, taught a specific course in translating English to Spanish, and because of the verboseness and excellent writing abilities demonstrated in your prior communications that you are able to speak, read, and write English well enough to sit for a deposition.
4. Your notice is extremely untimely. We are on the eve of your deposition. If you felt as though you needed an interpreter for this deposition, you had two weeks to tell us the same.

Accordingly, we will respectfully have to decline your request for the University to provide an interpreter and bear the cost of the same that was given with less than 48 hours of noitice.

Best,

**Myekeal D. Wynn**

Assistant General Counsel

301 University Boulevard

University Hall 5030

Indianapolis, IN 46202



Confidentiality Notice: This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

5.

**From:** E Mallorqui, PhD, JD <enric.mallorqui.ruscalleda@gmail.com>
**Sent:** Tuesday, January 14, 2025 11:06 AM
**To:** Wynn, Myekeal <myesmith@iu.edu>
**Cc:** Enric Mallorqui-Ruscalleda, PhD, JD <enric.mallorqui.ruscalleda@gmail.com>
**Subject:** [External] Submission of Notice and Request for Certified Interpreter

This message was sent from a non-IU address. Please exercise caution when clicking links or opening attachments from external sources.

Dear Mr. Wynn,

I am attaching a copy of the **Notice and Request for Certified Interpreter Under the ADA and Plaintiff's Financial Hardship** for your review. This document outlines my formal request for a certified interpreter for the upcoming deposition.

Should you have any questions or require further clarification, please feel free to contact me at your earliest convenience.

Thank you for your attention to this matter.

Best regards,

Enric

---

Enric Mallorquí-Ruscalleda, PhD, JD, LLM

---------- Forwarded message ----------
From: "Wynn, Myekeal" <myesmith@iu.edu>
To: "E Mallorqui, PhD, JD" <enric.mallorqui.ruscalleda@gmail.com>, "Jbara, Anne E" <annewilk@iu.edu>
Cc: "Stultz, Emily" <emstultz@iu.edu>
Bcc:
Date: Tue, 14 Jan 2025 18:06:16 +0000
Subject: RE: [External] Follow-Up on Representation of Specific Individuals (CAUSE NO. 1:24-CV-00519-SEB-MG)

Understood Mr. Ruscalleda.

**Myekeal D. Wynn**

Assistant General Counsel

301 University Boulevard

University Hall 5030

Indianapolis, IN 46202



Confidentiality Notice: This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** E Mallorqui, PhD, JD <enric.mallorqui.ruscalleda@gmail.com>
**Sent:** Tuesday, January 14, 2025 1:04 PM
**To:** Wynn, Myekeal <myesmith@iu.edu>; Jbara, Anne E <annewilk@iu.edu>
**Cc:** Stultz, Emily <emstultz@iu.edu>; Enric Mallorqui-Ruscalleda, PhD, JD <enric.mallorqui.ruscalleda@gmail.com>
**Subject:** Re: [External] Follow-Up on Representation of Specific Individuals (CAUSE NO. 1:24-CV-00519-SEB-MG)

Dear Mr. Wynn,

Thank you for your response. If you had taken the time to inform yourself about the specifics of this case, you would already understand why I am representing myself without an attorney. This situation arises entirely due to the corrupt actions, including criminal behavior, of your clients—actions which I reported and which your office has chosen to cover up. My efforts to act ethically and responsibly have only resulted in retaliation, leaving me in this position.

It is also worth noting the troubling reality that a significant number of individuals in your office are using public funds to cover up the wrongdoing of your clients. This misuse of resources not only undermines public trust but also perpetuates the harm caused by those you represent.

I strongly suggest that you spend more time discussing this case with your clients to fully grasp the magnitude of what is coming their way. Ignoring or downplaying the seriousness of this matter will not make it go away.

As for your suggestion to consult an attorney, I find it ironic given that the very misconduct I have faced has made such representation both financially and procedurally challenging. Your clients' actions and your office's complicity have contributed to this unfortunate outcome.

I look forward to receiving substantive responses to my prior communications. While I understand that evaluating them may take time, I expect timely and complete responses, as required by the rules of Civil Procedure. I trust that your future correspondence will adhere to the same procedural standards that you so readily cite in your response.

Best regards,


Enric Mallorquí-Ruscalleda, PhD, JD, LLM



On Tue, Jan 14, 2025 at 5:55 PM Wynn, Myekeal <myesmith@iu.edu> wrote:

> Mr. Ruscalleda,
>
> We are no obligation to answer the questions that you posed in the format in which you presented it. Because you are a pro se plaintiff, I encourage you to review the rules of Civil Procedure and consult with an attorney on how you should proceed with obtaining the information you are seeking.
>
> Over the last few weeks, you have sent a number of extremely verbose communications to our office requesting numerous things. We are in the process of evaluating your communications. It will take some time to analyze and respond to each communication.
>
> Best,
>
> **Myekeal D. Wynn**
>
> Assistant General Counsel
>
> 301 University Boulevard
>
> University Hall 5030
>
> Indianapolis, IN 46202



Confidentiality Notice: This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** E Mallorqui, PhD, JD <enric.mallorqui.ruscalleda@gmail.com>
**Sent:** Tuesday, January 14, 2025 11:47 AM
**To:** Stultz, Emily <emstultz@iu.edu>
**Cc:** Wynn, Myekeal <myesmith@iu.edu>; Enric Mallorqui-Ruscalleda, PhD, JD <enric.mallorqui.ruscalleda@gmail.com>
**Subject:** [External] Follow-Up on Representation of Specific Individuals (CAUSE NO. 1:24-CV-00519-SEB-MG)

> This message was sent from a non-IU address. Please exercise caution when clicking links or opening attachments from external sources.

Dear Ms. Stultz,

I hope this message finds you well. I am writing to follow up on a matter related to the ongoing litigation, CAUSE NO. 1:24-CV-00519-SEB-MG. Specifically, I would like to request confirmation regarding whether your firm or the university represents the following individuals in their personal capacities, or alternatively, the contact information for their respective counsel:

- Dr. Rachel Applegate
- Dean Tami Eitle
- Dr. Margaret Fergusson
- Dr. Kathy Johnson
- Dr. Carol Anne Murdoch-Kinch
- Mr. Jamie Creig
- President Whitten
- Dr. Rosa Tezanos-Pinto
- Dr. Thomas Upton
- Mr. Jose Vargas Vila

1/15/25, 10:12 AM
Gmail - Follow-Up on Discovery Obligations in 1:24-cv-00519-SEB-MG
Case 1:24-cv-00519-SEB-MG   Document 41-3   Filed 01/15/25   Page 8 of 14 PageID #: 145

As you are aware, the law permits individuals to be held personally liable for actions or omissions that perpetuate discrimination, retaliation, or other unlawful conduct. Furthermore, public officials are not entitled to immunity under federal law when their actions violate clearly established constitutional or statutory rights of which a reasonable person would have known. Cases such as *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), have reaffirmed that qualified immunity does not shield individuals acting beyond the scope of their duties or engaging in intentional or egregious misconduct.

In addition, Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), and related state and federal laws provide for individual liability in cases of intentional acts of discrimination, harassment, and retaliation. The principle that no immunity protects unlawful actions ensures accountability and upholds the rule of law.

Please note that this list is not exhaustive, and I reserve the right to amend it as the discovery process progresses and new information becomes available.

I had previously asked about this matter in my email dated January 2, 2025. However, I have yet to receive a response. To ensure proper notification and compliance with procedural requirements, I kindly request confirmation regarding whether these individuals are represented by your firm or the university in their personal capacities, or alternatively, the contact information for their respective counsel.

Given that my initial request has not been addressed in the past 12 days, I will be notifying the court of this correspondence immediately following this email to ensure transparency and proper documentation of this matter.

This inquiry is made in good faith and solely for the purpose of ensuring proper procedural clarity. Should you require additional context or have questions, please do not hesitate to contact me.

Thank you for your attention, and I look forward to your response.

Best regards,

Enric

---

Enric Mallorquí-Ruscalleda, PhD, JD, LLM

---------- Forwarded message ----------
From: "Wynn, Myekeal" <myesmith@iu.edu>
To: "E Mallorqui, PhD, JD" <enric.mallorqui.ruscalleda@gmail.com>
Cc: "Stultz, Emily" <emstultz@iu.edu>
Bcc:
Date: Tue, 14 Jan 2025 17:07:51 +0000
Subject: RE: [External] Submission of Notice and Request for Certified Interpreter

Mr. Ruscalleda,

We have received your Notice and Request for Certified Interpreter under the ADA. In short, our response is as follows:

1. The ADA is not applicable to this deposition. You are no longer a patron or employee of the University, thus the University owes you no accommodations under the ADA.
2. Being a non-native English speaker is not a protected disability under the ADA.
3. We are confident that because you obtained a Ph.D from an English speaking institution, have testified as an expert witness in other court proceedings, taught a specific course in translating English to Spanish, and because of the verboseness and excellent writing abilities demonstrated in your prior communications that you are able to speak, read, and write English well enough to sit for a deposition.
4. Your notice is extremely untimely. We are on the eve of your deposition. If you felt as though you needed an interpreter for this deposition, you had two weeks to tell us the same.

Accordingly, we will respectfully have to decline your request for the University to provide an interpreter and bear the cost of the same that was given with less than 48 hours of noitice.

Best,

**Myekeal D. Wynn**

Assistant General Counsel

[301 University Boulevard](#)

University Hall 5030

Indianapolis, IN 46202



Confidentiality Notice: This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

5.

**From:** E Mallorqui, PhD, JD <enric.mallorqui.ruscalleda@gmail.com>
**Sent:** Tuesday, January 14, 2025 11:06 AM
**To:** Wynn, Myekeal <myesmith@iu.edu>
**Cc:** Enric Mallorqui-Ruscalleda, PhD, JD <enric.mallorqui.ruscalleda@gmail.com>
**Subject:** [External] Submission of Notice and Request for Certified Interpreter

This message was sent from a non-IU address. Please exercise caution when clicking links or opening attachments from external sources.

Dear Mr. Wynn,

I am attaching a copy of the **Notice and Request for Certified Interpreter Under the ADA and Plaintiff's Financial Hardship** for your review. This document outlines my formal request for a certified interpreter for the upcoming deposition.

Should you have any questions or require further clarification, please feel free to contact me at your earliest convenience.

Thank you for your attention to this matter.

Best regards,


Enric

---

Enric Mallorquí-Ruscalleda, PhD, JD, LLM



---------- Forwarded message ----------
From: "Wynn, Myekeal" <myesmith@iu.edu>
To: "E Mallorqui, PhD, JD" <enric.mallorqui.ruscalleda@gmail.com>, "Stultz, Emily" <emstultz@iu.edu>
Cc:
Bcc:
Date: Tue, 14 Jan 2025 16:55:04 +0000
Subject: RE: [External] Follow-Up on Representation of Specific Individuals (CAUSE NO. 1:24-CV-00519-SEB-MG)

Mr. Ruscalleda,


We are no obligation to answer the questions that you posed in the format in which you presented it. Because you are a pro se plaintiff, I encourage you to review the rules of Civil Procedure and consult with an attorney on how you should proceed with obtaining the information you are seeking.


Over the last few weeks, you have sent a number of extremely verbose communications to our office requesting numerous things. We are in the process of evaluating your communications. It will take some time to analyze and respond to each communication.

Best,

**Myekeal D. Wynn**

Assistant General Counsel

[301 University Boulevard](#)

University Hall 5030

Indianapolis, IN 46202



Confidentiality Notice: This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

---

**From:** E Mallorqui, PhD, JD <enric.mallorqui.ruscalleda@gmail.com>
**Sent:** Tuesday, January 14, 2025 11:47 AM
**To:** Stultz, Emily <emstultz@iu.edu>
**Cc:** Wynn, Myekeal <myesmith@iu.edu>; Enric Mallorqui-Ruscalleda, PhD, JD <enric.mallorqui.ruscalleda@gmail.com>
**Subject:** [External] Follow-Up on Representation of Specific Individuals (CAUSE NO. 1:24-CV-00519-SEB-MG)

> This message was sent from a non-IU address. Please exercise caution when clicking links or opening attachments from external sources.

Dear Ms. Stultz,

I hope this message finds you well. I am writing to follow up on a matter related to the ongoing litigation, CAUSE NO. 1:24-CV-00519-SEB-MG. Specifically, I would like to request confirmation regarding whether your firm or the university represents the following individuals in their personal capacities, or alternatively, the contact information for their respective counsel:

- Dr. Rachel Applegate
- Dean Tami Eitle
- Dr. Margaret Fergusson

1/15/25, 10:... Gmail - Follow-Up on Discovery Obligations in Case 1:24-cv-...

Case 1:24-cv-00519-SEB-MG   Document 41-3   Filed 01/15/25   Page 12 of 14 PageID #: 149

- Dr. Kathy Johnson
- Dr. Carol Anne Murdoch-Kinch
- Mr. Jamie Creig
- President Whitten
- Dr. Rosa Tezanos-Pinto
- Dr. Thomas Upton
- Mr. Jose Vargas Vila

As you are aware, the law permits individuals to be held personally liable for actions or omissions that perpetuate discrimination, retaliation, or other unlawful conduct. Furthermore, public officials are not entitled to immunity under federal law when their actions violate clearly established constitutional or statutory rights of which a reasonable person would have known. Cases such as *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), have reaffirmed that qualified immunity does not shield individuals acting beyond the scope of their duties or engaging in intentional or egregious misconduct.

In addition, Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), and related state and federal laws provide for individual liability in cases of intentional acts of discrimination, harassment, and retaliation. The principle that no immunity protects unlawful actions ensures accountability and upholds the rule of law.

Please note that this list is not exhaustive, and I reserve the right to amend it as the discovery process progresses and new information becomes available.

I had previously asked about this matter in my email dated January 2, 2025. However, I have yet to receive a response. To ensure proper notification and compliance with procedural requirements, I kindly request confirmation regarding whether these individuals are represented by your firm or the university in their personal capacities, or alternatively, the contact information for their respective counsel.

Given that my initial request has not been addressed in the past 12 days, I will be notifying the court of this correspondence immediately following this email to ensure transparency and proper documentation of this matter.

This inquiry is made in good faith and solely for the purpose of ensuring proper procedural clarity. Should you require additional context or have questions, please do not hesitate to contact me.

Thank you for your attention, and I look forward to your response.

Best regards,

Enric

---

Enric Mallorquí-Ruscalleda, PhD, JD, LLM


---------- Forwarded message ----------
From: "E Mallorqui, PhD, JD" <enric.mallorqui.ruscalleda@gmail.com>
To: "Wynn, Myekeal" <myesmith@iu.edu>
Cc: "Enric Mallorqui-Ruscalleda, PhD, JD" <enric.mallorqui.ruscalleda@gmail.com>
Bcc:
Date: Mon, 13 Jan 2025 12:20:11 +0000
Subject: [External] Notice of Filing and Meet and Confer Letter – Case No. 1:24-cv-00519-SEB-MG

> This message was sent from a non-IU address. Please exercise caution when clicking links or opening attachments from external sources.

Dear Mr. Wynn,

I am writing to provide you with a copy of the enclosed Meet and Confer Letter addressing the deficiencies in your client's discovery responses. Please note that this letter is being filed with the court concurrently to document my good-faith efforts to resolve these matters without the need for court intervention.

Should you require any clarification or wish to discuss this further, please do not hesitate to reach out at your earliest convenience.

I look forward to your response and to resolving these issues promptly.

Respectfully,

/s/ Enric Mallorquí Ruscalleda
Enric Mallorquí Ruscalleda, PhD, JD, LLM
Pro Se Litigant
10775 Lotus Dr.
Garden Grove, CA 92843
enric.mallorqui.ruscalleda@gmail.com
714-855-8693


**7 attachments**

📄 **Re: [External] Submission of Notice and Request for Certified Interpreter.eml**
64K

📄 **RE: [External] Follow-Up on Representation of Specific Individuals (CAUSE NO. 1:24-CV-00519-SEB-MG).eml**

68K

**Mallorqui, CV, Discovery (1).pdf**
1879K

**RE: [External] Submission of Notice and Request for Certified Interpreter.eml**
2614K

**RE: [External] Follow-Up on Representation of Specific Individuals (CAUSE NO. 1:24-CV-00519-SEB-MG).eml**
56K

**Mallorqui v IUPUI_NOTICE OF FILING MEET AND CONFER LETTER, Jan 13, 2025.pdf**
115K

**[External] Notice of Filing and Meet and Confer Letter – Case No. 1:24-cv-00519-SEB-MG.eml**
172K