# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ENRIC MALLORQUI-RUSCALLEDA | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No: 1:24-cv-00519-SEB-MG |
| v. | ) |
| THE TRUSTEES OF INDIANA UNIVERSITY-PURDUE UNIVERSITY INDIANAPOLIS | ) |
| | ) |
| Defendant. | ) |

## MOTION TO STRIKE PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND, OR ALTERNATIVE OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND MOTION FOR LEAVE TO AMEND COMPLAINT

Comes now Defendants, The Trustees of Indiana University, by counsel, and respectfully submits this Motion to Strike Plaintiff's Motions for Leave to Amend, or Alternative Objection to Plaintiff's Motion to Amend Complaint and Motion for Leave to Amend Complaint (Dkts. 43 and 44), and in support of the same, shows as follows:

## MOTION TO STRIKE
## PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND

1. Generally, Motions to Strike are disfavored by the Southern District of Indiana, however, Motions to Strike are appropriate to declutter the docket. *Nelson v. Ingredion Inc.*, No. 1:21-cv-02680-TWP-TAB 2023 U.S. Dist. LEXIS 154093 at *11 (S.D. Ind. August 31, 2023).

2. Per Federal Rule of Civil Procedure 12(f), this Court may strike from a pleading any immaterial, impertinent, and/or scandalous matter, is such a motion was made within 21 days of the serving of the pleading. FRCP 12(f).

3. The Court has "considerable discretion in striking any redundant, immaterial, impertinent, or scandalous matter." *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009).

4. A matter is immaterial when it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *OgoSport LLC v. Maranda Enters. LLC*, 2011 U.S. Dist. LEXIS 107168 at *7-8 (E.D. Wis. Sept. 20, 2011).

5. Impertinent material is that which "consists of statements that do not pertain, and are not necessary, to the issues in question. *Id*.

6. Material is scandalous when it "bears no possible relation to the controversy or may cause the objecting party prejudice." *Id*. at *9.

7. Here, in a civil court, Plaintiff has made several statements imputing criminal conduct on several individuals not named in this action. This is particularly immaterial, impertinent, and/or scandalous as the statements raised in Plaintiff's Motion are not germane in any conceivable way to subject matter of this litigation.

8. The immaterial, scandalous and impertinent statements are inextricably intertwined with the document that Plaintiff has filed, and a piecemeal strike would be wholly insufficient to address the scandalous and impertinent statements made by Plaintiff.

9. Wholly striking docket entries 43 and 44 are the only viable relief in this case.

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND AND MOTION FOR LEAVE TO AMEND

Defendant contends that its Motion to Strike is the most appropriate relief for Plaintiff's Motion to Amend and Motion for Leave to Amend. However, should the Court, in its broad discretion, deny Defendant's Motion to Strike, Defendants state the following in support of its Opposition to Plaintiff's Motion to Amend and Motion for Leave to Amend.

I. *Plaintiff's Amended Complaint Does Not Pass the Plausibility Standard.*

1. All new causes of action raised by Plaintiff are frivolous, and not germane to any issue in this case.

2. At the outset, Defendants note that there is generally no private right of action for criminal conduct. Plaintiff's criminal claims are inappropriate to be addressed in this civil action. This court should give no consideration to Plaintiff's criminal claims even if he is allowed to amend his Complaint.

3. Plaintiff's proposed Amended Complaint further does not survive the *Twombly* standard of plausibility pleading. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

4. Under the plausibility standard, the plaintiff must plead facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

5. Here, it is difficult to determine from what facts from which the inference can be that Defendant is liable for the misconduct alleged.

6. Allegations A-F are ostensibly criminal in nature, and Plaintiff has not and cannot identified any private right of action that he enjoys for the statutes cited, and therefore, there can be drawn therefrom no reasonable inference that Defendant is liable to Plaintiff on the claims raised.

7. Allegation G fares no better as it is merely duplicative of the operative Complaint in this action.

II. *Justice Does not Require this Amendment.*

8. Federal Rule Civil Procedure 15 allows amendment, outside of the Matter of Course provision only when the opposing party consents in writing to the amendment, or when leave is given when justice requires.

9. Here, Defendant has not given written consent for Plaintiff's amendment, and justice does not require the amendment.

10. First, the balance of the claims raised by Plaintiff are time barred. Even if Plaintiff were allowed to amend his complaint, the allegations raised by Plaintiff would be barred by the applicable statute of limitations.

11. Upon information and belief, the events giving rise to Plaintiff's Amended Claims occurred in 2019 (Ex. A.) (Email re: copyright infringement). Per Seventh Circuit precedent, copyright infringement claims must be brought within three years of the date the injury accrued. *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014) (quoting 17 USCS § 507).

12. Plaintiff attempts to amend his complaint to allege copyright infringement nearly six years after the allegedly infringing conduct occurred is time barred. Allowing this frivolous and ultimately futile amendment would not be in the interests of justice.

13. Second, as laid out in Part I, there is no private right of action for the balance of new claims raised by Plaintiff. Again, allowing this amendment would be futile and not in the interests of justice.

14. Third, the timeline of this case militates against granting leave to amend in the interests of justice. This action has been pending since March 2024. During the inception of this action, Plaintiff was represented by counsel, who ostensibly advised him of the viable causes of action that may be raised under these facts. This Court entered a case management order for timely administration of this case. Plaintiff knew what claims he had against Defendants for approximately a year. The non-expert discovery in this case was due by January 20, 2025. Plaintiff's deposition has been taken, at expense to Defendants. This case is now ripe for summary judgment, and on the date of the non-expert discovery deadline, Plaintiff attempts to amend his complaint.

15. There is no conceivable way that allowing Plaintiff leave to amend at such a late stage would be in the interests of justice, particularly when the proposed amendments are frivolous and baseless in nature, fail to state a claim, and will do nothing but create satellite issues and increase the expense and prejudice on Defendants.

WHEREFORE, Defendant, by counsel, respectfully requests that this Court enter an Order denying Plaintiff's Motion for Leave to Amend, and for all other relief just and proper.

Respectfully Submitted,

*/s/ Myekeal D. Wynn*
Myekeal D. Wynn (36409-53)
myesmith@iu.edu
Emily Marie Stultz (37683-32)
emstultz@iu.edu
Office of Vice President & General Counsel
THE TRUSTEES OF INDIANA UNIVERSITY
University Hall, 5030
301 University Blvd.
Indianapolis, IN. 46202
Phone: (317) 274-7455
Facsimile: (317) 274-7470
Email: myesmith@iu.edu

CERTIFICATE OF SERVICE

    I hereby certify that on January 29, 2025, a copy of the foregoing was served electronically with the Clerk of Court using the CM/ECF system and Plaintiff will receive notification.

*/s/ Myekeal D. Wynn*
Myekeal Wynn (36409-53)