UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ENRIC MALLORQUI-RUSCALLEDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:24-CV-00519-SEB-MG |
| ) | |
| THE TRUSTEES OF INDIANA ) | |
| UNIVERSITY-PURDUE ) | |
| UNIVERSITY INDIANAPOLIS, ) | |
| ) | |
| Defendant. ) | |

FILED
06/09/2025
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

## **PLAINTIFF'S SUPPLEMENTAL NOTICE IN FURTHER SUPPORT OF MOTION TO ENFORCE DISCOVERY ORDER**

COMES NOW the Plaintiff, appearing *pro se*, and respectfully submits this Supplemental Notice in further support of his Motion to Enforce Discovery Order, Impose Sanctions under Rule 37(b), and Grant All Further Relief Necessary to Preserve the Integrity of These Proceedings, originally filed on June 8, 2025. This submission brings to the Court's attention new and material factual developments that corroborate the legal and ethical violations previously identified, and that further strengthen the grounds for immediate, proportionate, and decisive judicial enforcement.

**I. DEFENDANT'S PRODUCTION WAS NEITHER TIMELY NOR VOLUNTARY**

On June 9, 2025—twenty days after the Court's May 22 Order (Dkt. 104) and one day after Plaintiff filed his Rule 37(b) enforcement motion—Defendant transmitted electronic access to the discovery materials it had been ordered to re-serve by May 29. This chronology alone exposes the truth: compliance was not voluntary, diligent, or driven by good faith. It was a belated, reactive maneuver, triggered solely consequences.

1

As the Seventh Circuit has made clear, the fact that the Tamaris finally produced the documents after Bache filed its motion to compel does not render the motion moot. A party cannot avoid sanctions by producing documents after a motion to compel has been filed. *Tamari* v *Bache & Co.*, 729 F.2d 469, 473 (7th Cir. 1984). Defendant's conduct falls squarely within the scenario contemplated by that principle. The Court's May 22 Order imposed an unequivocal deadline, and Defendant did not meet it.

by the threat of sanctions and undertaken to avoid judicial This failure violates not only the express terms of the Court's Order, but also the mandatory obligations imposed by Fed. R. Civ. P. 37(b)(2) and Indiana Rule of Trial Procedure 37, both of which authorize sanctions when a party "fails to obey an order to provide or permit discovery." Moreover, Defendant's noncompliance implicates Rule 16(f) and Local Rule 37-1 of the Southern District of Indiana, which obligate parties to proceed cooperatively and in good faith before resorting to judicial intervention. No such effort was made here.

Furthermore, Defendant's June 9 email transmission confirms the reactive and strategic nature of its conduct. Only after Plaintiff placed the violation on the record via his enforcement motion did Defendant take corrective action—an act that tacitly concedes the inadequacy of the prior Notice of Production (Dkt. 105). Courts have consistently rejected such post hoc attempts to cure violations, recognizing them as procedurally impermissible and strategically manipulative. See, e.g., *Tamari*, 729 F.2d at 473.

Finally, the defense's June 9 email must not be construed as evidence of diligence, but rather as a transparent effort to shield itself from accountability. It provides no explanation for the delivery failure, no acknowledgment of Plaintiff's repeated notifications, and no legitimate justification for the delay. Instead, it stands as further evidence that Defendant's compliance was

neither timely, nor good-faith, nor voluntary. It was tactical, reluctant, and reactive—exactly the type of behavior that Rule 37(b)(2), Rule 16(f), and Local Rule 37-1 were designed to deter and remedy.

## II. DEFENSE COUNSEL'S EXPLANATION IS FACTUALLY FALSE AND EVIDENCE OF BAD FAITH

In her June 9 email, defense counsel stated that she was "inferring from Plaintiff's recent filings" that the discovery materials had not been received. This assertion is not merely implausible—it is affirmatively false and directly contradicted by the documentary record.

As early as May 30, 2025, Plaintiff sent defense counsel a formal written notice advising that no discovery materials had been received. On June 2, Plaintiff followed up with specific reference to the USPS tracking number provided by Defendant, which still read "Label Created, Not Yet in System"—a status confirming that the package had never been entered into postal custody. These were not ambiguous or casual remarks: they were formal, unequivocal communications designed to prompt corrective action. Yet defense counsel:

(i) Did not verify the mailing with USPS;

(ii) Did not provide alternative access, such as electronic transmission;

(iii) Did not respond to Plaintiff's inquiries;

(iv) Did not correct the record or notify the Court of the delivery failure;

(v) And did not transmit the production until June 9, one day after Plaintiff filed his motion under Rule 37(b).

This sequence of events reveals not mere neglect, but a deliberate refusal to engage with known facts, despite having actual and repeated notice. The suggestion that counsel was simply

"inferring" a problem from recent filings is not only inaccurate but calculated to conceal culpability. This is the essence of bad faith.

Such conduct satisfies multiple legal thresholds for sanctionable behavior. As held by the Seventh Circuit, the district court specifically found that Hindmon had willfully and in bad faith refused to provide discovery and that he had violated the court's November 19th Discovery Order. *Hindmon* v *Nat'l-Ben Franklin Life Ins. Co.*, 677 F.2d 617, 621 (7th Cir. 1982). Here, defense counsel's passive inaction and subsequent rationalization reflect not confusion or oversight, but strategic procedural evasion.

Furthermore, this conduct raises serious ethical and procedural concerns:

(i) Under Federal Rule of Civil Procedure 11(b), an attorney signing or presenting documents to the court certifies that factual contentions have evidentiary support and that no filing is being made for an improper purpose. Counsel's failure to correct a demonstrably false narrative after receiving repeated factual clarification from Plaintiff violates both this standard and the duty to correct the record.

(ii) Likewise, Indiana Rule of Professional Conduct 3.3(a)(1) prohibits attorneys from knowingly making false statements of fact to the tribunal or failing to correct such statements. By ignoring Plaintiff's good-faith efforts to resolve the issue and persisting in a misleading narrative, counsel appears to have breached fundamental duties of candor and fairness owed to both opposing parties and the Court.

In sum, defense counsel's actions cannot be reconciled with any standard of professional integrity. They reflect a conscious decision to disregard Plaintiff's documented efforts, distort the record, and avoid accountability for a clear violation of a court order. Such conduct is not protected

by adversarial advocacy—it is sanctionable under Rule 37(b), Rule 11, Local Rule 83-6, and binding ethical standards governing officer conduct before this Court.

**III. SHIFTING BLAME TO PLAINTIFF CONFIRMS BAD FAITH AND ATTEMPT TO DIVERT**

Worse still, defense counsel's June 9 communication attempts to shift responsibility for Defendant's own noncompliance onto Plaintiff. The assertion that the delivery failure was only revealed by "Plaintiff's recent filings"—after Plaintiff had sent multiple, specific, and unanswered emails over a ten-day period—reflects not mere carelessness but a calculated attempt to deflect scrutiny and obscure accountability.

Such blame-shifting conduct is not only procedurally abusive, but legally sanctionable. Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Defense counsel's refusal to acknowledge a known delivery failure—followed by a false narrative that pretends Plaintiff failed to communicate—has not only forced unnecessary motion practice, but has wasted judicial resources and artificially prolonged a resolved issue through obfuscation.

This is precisely the kind of diversionary tactic courts have repeatedly condemned. See *Phoenix Four, Inc.* v *Strategic Res. Corp.*, No. 05-cv-4837, 2006 WL 1409413, at *5 (S.D.N.Y. May 23, 2006) (finding that SRC's conduct constituted gross negligence and that its counsel's conduct was, at a minimum, negligent, and that such conduct warranted sanctions). As the Seventh Circuit reaffirmed in *Collins* v *Illinois*, 554 F.3d 693, 697 (7th Cir. 2009), even *pro se* litigants must follow procedural rules.

Moreover, under Fed. R. Civ. P. 11(b)(1)–(3), legal claims, defenses, and factual contentions must be warranted by existing law and supported by evidence. By ignoring Plaintiff's documented outreach and proceeding as if this critical history did not exist, Defendant advanced a position that lacks evidentiary basis and appears motivated primarily by a desire to evade accountability and frustrate enforcement.

Equally troubling is the implication under Rule 8.4(c) of the Indiana Rules of Professional Conduct, which defines professional misconduct to include "conduct involving dishonesty, fraud, deceit, or misrepresentation." Attempting to rewrite the factual record in order to shift blame for Defendant's own Rule 37(b) violation falls squarely within this prohibition and undermines the integrity of the proceedings.

In sum, Defendant's attempt to reverse the burden of procedural failure onto the party seeking enforcement of a court order is a textbook case of bad faith. The record shows that Plaintiff communicated clearly, repeatedly, and constructively. It is Defendant—and Defendant alone—who ignored those warnings, misrepresented the history, and now seeks to obscure the consequences of its own inaction. That is not zealous advocacy. It is sanctionable misconduct.

**IV. PLAINTIFF ACTED WITH DOCUMENTED GOOD FAITH THROUGHOUT**

In stark contrast to Defendant's sustained pattern of delay, procedural evasion, and factual misrepresentation, Plaintiff has acted at all times with exemplary diligence, integrity, and good faith—as reflected in the detailed and time-stamped documentary record.

Upon learning that no discovery materials had arrived following Defendant's May 27 Notice (Dkt. 105), Plaintiff promptly notified defense counsel on May 30, 2025, clearly and unequivocally stating that the production had not been received. When this formal notice was met with silence, Plaintiff followed up on June 2, citing the specific USPS tracking number that

6

continued to display the status "Label Created, Not Yet in System"—a postal designation indicating that the parcel had never been scanned or entered into the custody of the carrier. Plaintiff expressly inquired as to whether the package had ever been mailed and offered to accept the materials in any alternative form, including electronic delivery. These are the actions not of an adversary seeking confrontation, but of a party sincerely attempting to resolve a failure without burdening the Court.

Only after the expiration of the Court's deadline of May 29 and the continued failure of Defendant to provide production by any means did Plaintiff turn to the Court with a narrowly tailored Rule 37(b) motion. That filing was based entirely on verified, written communications and tracking records that had already been transmitted to opposing counsel.

Plaintiff's actions are textbook compliance with both the letter and spirit of Rule 37(a)(1) of the Federal Rules of Civil Procedure and Southern District of Indiana Local Rule 37-1(a). These provisions jointly require not only certification of a discovery dispute, but affirmative, good-faith efforts to confer and resolve the issue extrajudicially. Far from rushing to Court, Plaintiff demonstrated exceptional restraint, transparency, and procedural cooperation—offering multiple avenues for informal resolution and delaying motion practice until compelled by Defendant's prolonged inaction and silent disregard of prior notices.

Moreover, Plaintiff's behavior aligns with Rule 1 of the Federal Rules of Civil Procedure, which directs that all proceedings be conducted to "secure the just, speedy, and inexpensive determination of every action and proceeding." By attempting to resolve the failure informally and with flexibility, Plaintiff fulfilled both the substance and the purpose of Rule 1. In contrast, Defendant's conduct has done the opposite.

In sum, Plaintiff has met—and exceeded—his procedural obligations at every stage. His communications were timely, specific, courteous, and solution-oriented. His willingness to accept materials by alternative means further underscores his intent to facilitate compliance, not manufacture conflict. And his resort to Court was neither opportunistic nor premature, but a last resort necessitated by Defendant's own misconduct.

**V. REQUEST FOR RELIEF**

In light of the facts established above, and pursuant to Federal Rule of Civil Procedure 37(b)(2) and Southern District of Indiana Local Rule 37-1, Plaintiff respectfully renews and supplements his request for decisive judicial relief. The record now leaves no doubt: Defendant has engaged in willful and sustained noncompliance with this Court's May 22, 2025 Order (Dkt. 104), and has compounded that violation through materially misleading representations to both Plaintiff and the Court.

Accordingly, Plaintiff respectfully moves for the entry of default judgment pursuant to Rule 37(b)(2)(A)(vi)—a sanction expressly authorized where, as here, a party has "failed to obey an order to provide or permit discovery." This is not a case of inadvertence or mistake; it is one of calculated defiance, procedural manipulation, and strategic delay. Defendant's conduct has obstructed the orderly administration of justice and imposed tangible prejudice on Plaintiff's ability to litigate his claims. Courts do not exist to supervise staged compliance or tolerate disregard of judicial authority; they exist to enforce rules and uphold fairness.

Plaintiff further requests that the Court formally declare that Defendant's May 27, 2025 "Notice of Discovery Production" (Dkt. 105) is procedurally deficient and legally ineffective. That document failed to include proof of mailing, delivery confirmation, or any indicia of actual service. Instead, the record shows only a USPS tracking status reading "Label Created, Not Yet in System,"

meaning the parcel never entered postal custody. As made clear by Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure and Indiana Trial Rule 5(B)(2)(c), service by mail requires actual dispatch into the mail system—not the mere creation of a label. Defendant's "notice" was therefore not notice at all, but a façade of compliance unsupported by fact or law.

In addition to dispositive relief, Plaintiff requests that the Court impose all further sanctions necessary to remedy the prejudice incurred and reaffirm the authority of its Orders. These include, without limitation:

(i) Adverse factual inferences as to the content, timing, and completeness of Defendant's eventual production;

(ii) Preclusion of evidence, argument, or defense derived from materials not timely or verifiably disclosed;

(iii) Reasonable attorneys' fees and costs incurred in enforcing compliance, as mandated by Rule 37(b)(2)(C) and 28 U.S.C. § 1927, which permits cost-shifting for conduct that unreasonably and vexatiously multiplies proceedings.

Plaintiff also requests a formal finding of technical contempt pursuant to Rule 70(e) and Rule 16(f) of the Federal Rules of Civil Procedure—not for punishment, but to underscore the binding nature of this Court's discovery orders and to deter future disregard. The need to reinforce compliance through judicial authority is especially acute where, as here, the violation has been paired with evasion and misrepresentation by counsel.

Finally, to prevent recurrence, Plaintiff respectfully moves that the Court require all future discovery productions by Defendant to be accompanied by a sworn certification under Rule 26(g), signed by counsel and attesting under penalty of perjury to the completeness, timeliness, and good-

faith basis of the disclosure. This is not an extraordinary remedy—it is a targeted safeguard expressly contemplated by Rule 26 to enforce integrity in discovery practice.

These requests are neither punitive nor excessive. They are proportionate, rule-based, and necessary to cure the harms inflicted by Defendant's misconduct and to restore procedural parity. Plaintiff has complied fully with Rule 37(a)(1), Local Rule 37-1(a), and Rule 5-2 by engaging in sustained good-faith efforts to resolve the dispute without court involvement. Defendant, by contrast, ignored Plaintiff's notices, failed to act until judicial intervention loomed, and then shifted blame to Plaintiff in a demonstrably false narrative. Absent meaningful enforcement, Plaintiff will remain at a structural disadvantage from which no ordinary motion practice can extricate him.

The integrity of these proceedings—and the credibility of this Court's authority—now depend on a remedy commensurate with the seriousness of the abuse.

## VI. CONCLUSION

Defendant's belated production does not cure the violation—it confirms it. The timing, context, and content of the June 9 disclosure make clear that compliance was not timely, not voluntary, and not in good faith. Rather, it was reactive, strategic, and aimed solely at preempting sanctions after Plaintiff brought the matter to the Court's attention.

This pattern of conduct—delayed compliance, false insinuations, and tactical blame-shifting—embodies the very abuses that Rule 37(b), Local Rule 37-1, and 28 U.S.C. § 1927 were designed to prevent. Defendant's failure to act until after court intervention was threatened, and its refusal to acknowledge or correct the record despite repeated notice, undermine the foundational principles of fairness, candor, and cooperation that govern federal litigation.

By contrast, the record of Plaintiff's conduct is unimpeachable. Plaintiff proceeded with transparency, diligence, and strict adherence to the procedural rules. He attempted to resolve the

matter without burdening the Court, documented each step, and filed a narrowly tailored motion only after all informal efforts failed. Plaintiff has met every requirement under Rule 37(a)(1) and Local Rule 37-1(a), and has done so without the benefit of institutional representation.

The time has come for this Court to respond with the authority that the rules—and the integrity of these proceedings—demand. Anything short of meaningful enforcement would reward procedural gamesmanship, set a dangerous precedent for future litigants, and diminish the enforceability of judicial orders.

Plaintiff therefore respectfully requests that the Court impose sanctions proportionate to the gravity of Defendant's misconduct, up to and including default judgment, and grant all further relief necessary to preserve procedural parity, reaffirm judicial authority, and restore balance to a process distorted by evasion and bad faith.

Dated: June 9, 2025

Respectfully submitted,

*/s/ Enric Mallorquí-Ruscalleda*

**EXHIBITS TO SUPPLEMENTAL NOTICE**

- Exhibit 1 – Email Chain: Plaintiff's Delivery Notification and Defense Silence
- Exhibit 2 – USPS Tracking Status ("Label Created – Not Yet in System")
- Exhibit 3 – Defense Counsel's June 9 Email Implying Plaintiff Non-Communication

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2025, I electronically filed the foregoing *Plaintiff's Supplemental Notice in Further Support of Motion to Enforce Discovery Order* with the Clerk of the Court for the United States District Court for the Southern District of Indiana using the

CM/ECF system, which will send notification of such filing to all counsel of record registered to receive CM/ECF notices.

Additionally, pursuant to Rule 5 of the Federal Rules of Civil Procedure and Local Rule 5-2 of the Southern District of Indiana, a true and correct copy of the foregoing was also served via electronic mail upon the following counsel of record for Defendant:

Mr. Myekeal D. Wynn

Assistant General Counsel

Indiana University

Office of the Vice President and General Counsel

301 University Blvd, Room 5030

Indianapolis, IN 46202

Email: myesmith@iu.edu

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 9, 2025

Respectfully submitted,

*/s/ Enric Mallorquí-Ruscalleda*

Enric Mallorquí-Ruscalleda, PhD, JD, LLM

Pro Se Plaintiff

[Address on file]