UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ENRIC MALLORQUI-RUSCALLEDA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-00519-SEB-MG |
| | ) |
| THE TRUSTEES OF INDIANA UNIVERSITY - PURDUE UNIVERSITY INDIANAPOLIS, | ) |
| | ) |
| Defendant. | ) |

### ORDER TO SHOW CAUSE

This matter is before the Court on more than a dozen successive motions and "notices" submitted by *pro se* Plaintiff Enric Mallorqui-Ruscalleda ("Plaintiff"), including, but not limited to, the following:

- Motion to Recuse the Magistrate Judge, dkt. 85, filed on May 11, 2025;

- Supplemental Memorandum in Further Support of Motion to Recuse the Magistrate Judge (with supporting exhibits), dkt. 90, filed on May 11, 2025;

- Emergency Motion to Stay All Proceedings, dkt. 87, filed on May 12, 2025;

- Motion to Refer Plaintiff's Motion to Recuse, dkt. 91, filed on May 12, 2025;

- Motion to Vacate All Prior Orders, dkt. 92, filed on May 12, 2025;

- Motion for Oversight and Emergency Intervention to Preserve Judicial Integrity, dkt. 93, filed on May 13, 2025;

1

- Motion for Leave to File Limited and Conditioned Surreply, dkt 95, as well as more than two dozen exhibits, *e.g.*, dkt. 96, 97, filed on May 14, 2025;

- Motion to Certify Record for Appellate Review, dkt. 98, filed on May 14, 2025;

- Notice of Preservation of Appellate and External Review Rights, dkt. 99, filed on May 14, 2025;

- Notice of Preservation of Rights and Procedural Integrity, dkt. 100, filed on May 14, 2025;

- Motion to Request Consideration of Full Procedural Record, dkt. 101, filed on May 14, 2025; and

- Supplemental Notice of External Referrals for Institutional Review, dkt. 102, filed on May 14, 2025.

In conducting a preliminary review of Plaintiff's submissions, we have discovered an alarming number of legal misrepresentations that call into question Plaintiff's adherence to his obligations under Federal Rule of Civil Procedure 11. These misrepresentations include falsely attributed quotations; blatant misstatements of cited authorities' holdings; and (at least one) citation to a case that does not exist. By way of example, Plaintiff's recusal motion contains multiple direct quotes that cannot be located in the sources to which they are attributed. *E.g.*, dkt. 85 at 3 (misquoting *Offutt v. United States*, 348 U.S. 11, 14 (1954)); *id.* (misquoting *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995)); *id.* at 9 (misquoting *United States v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985)); *id.* at 16 (misquoting *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883 (2009)).

In requesting a stay, dkt. 87, 93, Plaintiff has also misrepresented the holdings of the two primary authorities on which he relies: *United States v. Antar*, 53 F.3d 568 (3d Cir. 1995), *overruled on other grounds by Smith v. Berg*, 247 F.3d 532 (3d Cir. 2001) and *United States v. Sibla*, 624 F.2d 864 (9th Cir. 1980). The first (and most obvious) deficiency concerning Plaintiff's reliance on *Antar* and *Sibla* is that out-of-circuit decisions are not legally binding precedent. Judicial "[o]pinions 'bind' only within a vertical hierarchy." *United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994). Thus, as a district court in Indiana, we abide by the decisions of the Seventh Circuit and the United States Supreme Court, "but [we] owe[ ] no more than respectful consideration to the views of other circuits." *Id.* (citing *Colby v. J.C. Penny Co.*, 811 F.2d 1119, 1123 (7th Cir. 1987)); *see also Devco v. T10 Meltel, LLC*, 237 F. Supp. 3d 804, 807 n.3 (N.D. Ill. 2017) (describing the plaintiff's citations to non-binding authority as "not helpful").[1]

Second, and most problematically, Plaintiff has blatantly mischaracterized the holdings of both cases and (again) attributed quoted language that cannot be located in either decision. According to Plaintiff, the Third Circuit in *Antar* "unambiguously held that 'when a motion to disqualify a judge is made, all proceedings should be stayed until the motion is resolved.' " Dkt. 87 at 2 (purporting to quote *Antar*, 53 F.3d at 573). In retrieving and reviewing the Third Circuit's decision, however, we have found nowhere in the published opinion any text aligning with Plaintiff's quote or otherwise endorsing Plaintiff's

---

[1] To the extent that we "may look to out of circuit precedent as persuasive authority" where controlling precedent is absent, *Liberty Mut. Fire Ins. Co. v. Clayton*, 33 F.4th 442, 449 (7th Cir. 2022), Plaintiff has not shown those circumstances to be present here.

characterization of *Antar*'s holding. To the contrary, in *Antar*, there had been no recusal motion in the district court at all, never mind a request to stay all proceedings pending disposition thereof. *See Antar*, 53 F.3d at 572–73. Relatedly, Plaintiff asserts that the Ninth Circuit's decision in *Sibla* "confirmed that a district court 'must first determine the legal sufficiency of the affidavit before proceeding further.' " Dkt. 87 at 2 (purporting to quote *Sibla*, 624 F.2d at 868); *e.g.*, dkt. 93 at 3 (describing *Sibla* as "binding precedent" that "unequivocally mandates that motions for judicial recusal under 28 U.S.C. § 455 must be adjudicated prior to any further substantive engagement with the case"). Plaintiff's characterization of this decision presents similar inaccuracies in that neither *Sibla*'s so-called "unequivocal[ ] mandate[ ]," dkt. 93 at 3, nor the quoted language, dkt. 87 at 2, can be found anywhere in the published opinion.

      Finally, in previously seeking a court-ordered interpreter, Plaintiff asserted, "In *Perez v. County of Stanislaus* (2020 WL 126559, E.D. Cal. 2020), interpreters were deemed critical for procedural fairness." Dkt. 40 at 5. Plaintiff also argued that "[c]ourts, including *Perez v. County of Stanislaus* (2020 WL 126559, E.D. Cal. 2020) . . . , have consistently held that the provision of interpreters is essential to ensuring procedural fairness and due process under the ADA." *Id.* at 21. Unfortunately, we have been unable to locate the *Perez* decision, suggesting a likelihood that the case does not exist and that Plaintiff fabricated the citation.

      Federal Rule of Civil Procedure 11(b) provides, in pertinent part, as follows:

> By presenting to the court a pleading, written motion, or other paper . . . , an attorney or unrepresented party certifies that to the best of the person's

4

> knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>>
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Fed. R. Civ. P. 11(b)(1)–(2). Although "the court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations," the Rule 11 standard applies equally to all parties, represented and unrepresented alike. *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990) (citation modified). "On its own, the court may order a[ ] . . . party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

Misstatements of the law, such as those described above, "can lead to sanctions under Rule 11(c) of the Federal Rules of Civil Procedure." *Monee Nursery & Landscaping Co. v. Int'l Union of Operating Eng'rs, Loc. 150, AFL-CIO*, 348 F.3d 671, 677 n.4 (7th Cir. 2003); *see also Teamsters Loc. No. 579 v. B & M Transit, Inc.*, 882 F.2d 274, 280 (7th Cir. 1989) ("While a court must not sanction a party for a reasonable misconstruction of case law, a party is not entitled to deliberately ignore or misstate case law that is unfavorable to its position.") (citation modified); *Napoli v. Sears, Roebuck & Co.*, 835 F. Supp. 1053, 1063 (N.D. Ill. 1993) ("Misrepresenting a court's opinion is unwise; indeed, it clearly provides the basis for sanctions under Fed. R. Civ. P. 11."). Accordingly, Plaintiff is hereby

5

**ORDERED TO SHOW CAUSE** within **FOURTEEN (14) DAYS** of the date of this Order why he should not be sanctioned for violating Federal Rule of Civil Procedure 11.

We must address one final matter: Plaintiff's continued resistance to our prior rulings, *see, e.g.*, dkt. 85 at 2–3,[2] as well as the frequent, voluminous, and multiplicitous nature of his filings have exceeded the bounds of acceptable litigation strategies, obstructed the progress of these proceedings, and caused us to grow weary and frustrated by the judicial resources that have been unnecessarily expended in order to manage this litigation. "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources." *In re McDonald*, 489 U.S. 180, 184 (1989) (per curiam). "A part of the Court's responsibility is to see that these judicial resources are allocated in a way that promotes the interests of justice." *Id.* Accordingly, Plaintiff is **WARNED** that failure to conform his litigation practices with his obligations under the Federal Rules of Civil Procedure, our Local Rules, and/or court orders may provide a separate basis for the imposition of sanctions against him, including restrictions on his ability to file documents with this court. *See Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018) ("A district court may impose sanctions under its inherent authority where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith.") (citation modified).

IT IS SO ORDERED.

Date: 6/25/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[2] Of course, adhering to our prior rulings in this case does not affect Plaintiff's entitlement to take an appeal following the entry of final judgment or under other appropriate circumstances.

Distribution:

ENRIC MALLORQUI-RUSCALLEDA
10775 Lotus Drive
Garden Grove, CA 92843

Emily M Stultz
emstultz@iu.edu

Myekeal D Wynn, Jr
Indiana University Office of General Counsel
myesmith@indiana.edu