UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ENRIC MALLORQUI-RUSCALLEDA,           )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )        No. 1:24-cv-00519-SEB-MG
                                       )
THE TRUSTEES OF INDIANA                )
UNIVERSITY - PURDUE UNIVERSITY         )
INDIANAPOLIS,                          )
                                       )
            Defendant.                 )

## ORDER ON PLAINTIFF'S PENDING MOTIONS

The matter is before the Court on *pro se* Plaintiff Enric Mallorqui-Ruscalleda's ("Plaintiff") June 28th show cause response as well as his more than a dozen pending motions. In this Order, we address Plaintiff's show cause response before turning to his pending motions, which we shall address and resolve *seriatim*.

## I.    Plaintiff's Response to the Order to Show Cause

On June 25, 2025, we ordered Plaintiff to show cause why he should not be sanctioned for legal misrepresentations contained in his various court filings, in violation of Federal Rule of Civil Procedure 11. Dkt. 115. On June 28, 2025, Plaintiff responded to our June 25th Order, conceding that "certain" language quoted in his submissions "may not align precisely" with the official sources and that other quotations "may have been mistakenly incorporated as direct quotations." Dkt. 118 at 2. The June 25th Show Cause Order is hereby **DISSOLVED**. Dkt. 115. Although we decline to issue sanctions for these derelictions, we remind Plaintiff that his status as a self-represented litigant (particularly since he

1

has represented that he himself holds a Juris Doctor, *see, e.g.*, dkt. 114 at 29) does not justify his noncompliance with Rule 11. *See Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990). We expect any of his future submissions to fully satisfy those requirements.

## II.    Plaintiff's Pending Motions

We turn next to Plaintiff's pending motions.

### Motion to Compel Proper Notice and Disclosure of Counsel and Request for Sanctions [Dkt. 63]

On October 29, 2024, Assistant General Counsel for Defendant Trustees of Indiana University – Purdue University Indianapolis ("Indiana University") filed his Notice of Appearance in this matter. Dkt. 32. Two days thereafter, Indiana University's former counsel moved to withdraw their appearances, dkt. 36, which request was granted on November 1, 2024, dkt. 37. On January 13, 2025, a second attorney entered an appearance on Indiana University's behalf. Dkt. 39.

On March 21, 2025, approximately five months after Indiana University's former counsel withdrew, Plaintiff filed a motion to compel, arguing that Indiana University "transitioned it legal representation to in-house counsel without formally notifying Plaintiff or the Court," as required by Federal Rule of Civil Procedure 5. Dkt. 63 at 2. Plaintiff maintains that he did not receive timely notice of Indiana University's February 14, 2025, motion to strike, dkt. 52, which the Court granted on March 6, 2025, pursuant to Rule 5(d)(1) and Local Rule 26-2, dkt. 57. Plaintiff seeks an order compelling Indiana University "to file a formal [n]otice" and "to properly serve a copy upon Plaintiff"; a declaration that documents

2

filed by Indiana University "without proper notice of counsel substitution be reconsidered"; and "appropriate remedial measures." Dkt. 63 at 4. Indiana University filed its response in opposition on March 28, 2025, dkt. 71, and Plaintiff filed his reply on March 31, 2025, dkt. 73.

Accepting (for present purposes only) that Plaintiff did not receive "formal" notice of Indiana University's attorney appearances and withdrawals, Plaintiff has failed to demonstrate any legal entitlement to the relief he seeks. As Plaintiff's own submissions reveal, Indiana University's former counsel contacted him via email on November 8, 2024, and informed him that this matter would be defended by other attorneys moving forward. Dkt. 63 at 2; dkt. 73-1 at 3. Because there can be no question that Plaintiff had actual notice of the change in Indiana University's representation, we fail to see how the purported lack of "formal" notice prejudiced Plaintiff. Plaintiff's Motion to Compel shall be **DENIED** accordingly. Dkt. 63. Indiana University is reminded, however, that service on self-represented litigants must comport with Federal Rule of Civil Procedure 5.

### Motion to Strike or Exclude Deposition Testimony or, Alternatively, for a Protective Order [Dkt. 79]

On January 14, 2025, less than forty-eight hours before his deposition, Plaintiff moved for a court order directing Indiana University to provide and bear the cost of a certified interpreter. Dkt. 40. The Court denied his motion on January 30, 2025. Dkt. 48. On April 9, 2025, Plaintiff moved to strike and/or suppress the transcript of his deposition "on the grounds that [his testimony] was obtained under procedurally unfair conditions, without reasonable accommodation, and in violation of federal law governing accessibility and due

process." Dkt. 79 at 14. Plaintiff realleges that his deposition was conducted without proper accommodations (i.e., a certified interpreter, as he is a non-native English speaker), in violation of the Americans with Disabilities Act. *Id.* at 2. According to Plaintiff, defense counsel conducted the deposition in a coercive and threatening manner. *Id.* at 2–4. Plaintiff also avers that, although he was provided digital access to his deposition transcript for free, the digital version "did not allow for offline access, downloadability, or other basic functionalities that would permit meaningful review" by him. *Id.* at 3. Alternatively, Plaintiff seeks either a protective order limiting the admissibility of his deposition transcript or the exclusion of his deposition from the evidentiary record pursuant to Federal Rules of Evidence 402 and 403. Indiana University did not file a response, and the time for doing so has long passed.

Plaintiff's request to strike and/or exclude his deposition testimony shall be **DENIED** without prejudice. Dkt. 79. To the extent that Plaintiff takes issue with certain aspects of his deposition testimony, such objections are better resolved on an as-needed basis. For present purposes, we decline to grant his request for the wholesale exclusion of his deposition testimony.  Plaintiff's remaining arguments concerning digital access to the transcript and defense counsel's demeanor do not, at this juncture, warrant the relief Plaintiff seeks. Again, Plaintiff may raise specific evidentiary issues (including those asserted under Federal Rules of Evidence 402 and 403) at a later juncture, should Indiana University rely upon portions of his testimony to which he objects. Plaintiff has not otherwise demonstrated that a protective order is appropriate in these circumstances.

**Motion to Recuse the Magistrate Judge [Dkt. 85]**

On May 11, 2025, Plaintiff moved for the recusal of Magistrate Judge Mario Garcia, pursuant to 28 U.S.C. § 455(a), based on various denials of Plaintiff's motions in this case. Dkt. 85. In a supplemental brief filed later that day, Plaintiff argues that Judge Garcia's "institutional engagements" with Indiana University's law schools in Bloomington and Indianapolis—to wit, administering the oath of professionalism to incoming law students, moderating a law school symposium that was sponsored by the state bar association, and appearing in a university publication celebrating his judicial appointment—create an appearance of impropriety. Dkt. 90. As remedies, Plaintiff seeks Judge Garcia's immediate recusal, random reassignment of this case, and reconsideration of his previously denied motions. Indiana University has not filed a response, and the time for doing so has passed. Thus, we turn to address Plaintiff's recusal motion.

Under § 455(a), "any judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a) (cleaned up). "Section 455(a) requires a judge to ask whether 'an objective, disinterested observer fully informed of the reasons for seeking recusal would entertain a significant doubt that justice would be done in the case.' " *United States v. Walsh*, 47 F.4th 491, 499–500 (7th Cir. 2022) (quoting *United States v. Barr*, 960 F.3d 906, 919 (7th Cir. 2020)).

"A party bears a heavy burden when seeking a judge's recusal for rulings made during litigation or for opinions the judge forms based on facts introduced during a case." *United States v. Perez*, 956 F.3d 970, 975 (7th Cir. 2020); *see also In re Huntington Commons Assocs.*, 21 F.3d 157, 158 (7th Cir. 1994) ("Adverse rulings should be appealed; they

5

do not form the basis for a recusal motion."). Indeed, a judge's recusal is not required "unless a ruling or opinion makes 'fair judgment impossible.' " *Perez*, 956 F.3d at 975 (quoting *In re City of Milwaukee*, 788 F.3d 717, 720 (7th Cir. 2015)).

Applying these legal principles to the motion before us, we have little trouble concluding that the facts and circumstances alleged by Plaintiff in no way warrant Judge Garcia's recusal under § 455(a). That Judge Garcia has ruled against Plaintiff on various issues "is insufficient to show impermissible prejudice." *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996). We reject Plaintiff's attempts to recast his dissatisfaction with the progress in this case as grounds for judicial recusal or disqualification.

Likewise, Judge Garcia's affiliation with Indiana University's law schools does not warrant his recusal. As recognized by the Eighth Circuit, "[a]lumni connections are not a reasonable basis for questioning a judge's impartiality, even if alumni contribute financially or participate in educational activities." *Roe v. St. Louis Univ.*, 746 F.3d 874, 886 (8th Cir. 2014); *accord Whitlow v. Bradley Univ.*, 722 F. App'x 592, 594 (7th Cir. 2018) (rejecting belated recusal argument and noting that "alumni contacts or positive comments about a school, without more, do not disqualify a judge"). Plaintiff's assertions to the contrary are legally baseless, and we reject them as such.

Plaintiff's request that we vacate and/or reconsider all prior rulings issued by Judge Garcia is similarly unwarranted. Section 455 does not authorize "district court judge[s] [to] 'review the propriety of the earlier rulings in the case' by the magistrate judge." *Vukadi-novich v. Posner*, No. 2:22-CV-118-TLS-JEM, 2024 WL 4765960, at *3 (N.D. Ind. Oct.

16, 2024) (quoting *Castelino v. Rose-Hulman Inst. of Tech.*, No. 2:17-CV-00139, 2018 WL 850323, at *6 (S.D. Ind. Feb. 14, 2018)).

For these reasons, Plaintiff's request for Judge Garcia's recusal shall be **DENIED**. Dkt. 85. Additionally, Plaintiff's related (and redundant) Emergency Motion to Stay All Proceedings, dkt. 87; Motion to Refer Plaintiff's Motion to Recuse, dkt. 91; and Motion for Oversight and Emergency Intervention to Preserve Judicial Integrity, dkt. 93, shall be **DENIED as moot**.

### Motion to Vacate All Prior Orders [Dkt. 92]

On May 12, 2025, Plaintiff moved to vacate or "suspend the effect of . . . all prior rulings" issued by Judge Garcia, pursuant to Federal Rules of Civil Procedure 60(b) and 72(b), among other rules of procedure. Dkt. 92. Although Plaintiff's motion to vacate appears to be related to his recusal motion, we address it separately to resolve his invocation of Rules 60(b) and 72.

Rule 60(b) "governs motions that seek to relieve a party or its legal representative from a *final* judgment, order, or proceedings for the enumerated reasons." *Neely-Bey Tarik-El v. Conley*, 912 F.3d 989, 1002 (7th Cir. 2019) (alteration in original) (internal quotation marks and citations omitted). In this case, no final judgment or order has been entered, meaning that Plaintiff's Rule 60 challenge necessarily fails as a matter of law. *Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 559 (7th Cir. 2016). (That said, "interlocutory orders may be 'stored up' by a litigant and raised on appeal as part of a challenge to the final judgment," once the final judgment comes to pass. *Sargeant v. Barfield*, 87 F.4th 358, 362 (7th Cir. 2023).)

Rule 72 outlines the procedure for objecting to nondispositive and dispositive orders issued by magistrate judges. For nondispositive matters, Rule 72(a) provides that a "party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). Similarly, under Rule 72(b), "a party may serve and file specific written objections" to a dispositive ruling "[w]ithin 14 days after being served." Fed. R. Civ. P. 72(b)(2).

Here, we can make short work of Plaintiff's purported objection(s), which apparently relate to orders resulting in documents being maintained under seal and/or being stricken from the docket. *See* dkt. 92 at 5–8. Although Plaintiff has not identified the precise order(s) to which he objects, we assume he is referencing the March 6, 2025, and March 31, 2025, orders either striking some of his submissions or placing them under seal, both of which are nondispositive matters under Rule 72(a). Dkt. 57, 75. Assuming (for Plaintiff's benefit) that the fourteen-day objection window began on March 31, Plaintiff's May 12th objection is untimely by approximately one month. Rule 72 does not equivocate: "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). In other words, Rule 72(a) "itself bars further review of untimely objections." *Davis v. Kayira*, 938 F.3d 910, 917 (7th Cir. 2019). Because Plaintiff's objection is untimely, we need not address his arguments further.

In sum, Plaintiff's motion to vacate lacks legal and factual merit and shall be **DENIED** accordingly. Dkt. 92.

**Motion for Leave to File Limited and Conditioned Surreply [Dkt. 95]**

On May 14, 2025, Plaintiff requested permission to file a surreply in order to address "factual and legal mischaracterizations" that Indiana University allegedly made for the first time in its summary judgment reply brief. Plaintiff also seeks leave to submit more than two dozen exhibits (which total more than 250 pages). Dkt. 95–97.[1]

Our local rules provide that a "party opposing a summary judgment motion may file a surreply brief *only if* the movant cites new evidence in reply or objects to the admissibility of the evidence cited in the response." S.D. Ind. L.R. 56-1(d) (emphasis added). Here, Plaintiff's generic averments of "newly raised" "material misstatements" by Indiana University fail to reveal the specific arguments to which he seeks the opportunity to respond. His conclusory allegations thus fail to demonstrate that a surreply brief is either necessary or appropriate. Plaintiff's Motion for Leave to File a Limited and Conditioned Surreply shall be **DENIED** accordingly. Dkt. 95.

**Motion to Certify Record for Appellate Review [Dkt. 98]**

On May 14, 2025, Plaintiff requested that we preserve a "complete procedural record" "for purposes of prospective appellate review." Dkt. 98 at 1. No appeal has been taken in this matter. Plaintiff's motion is **DENIED** as premature.

---

[1] Plaintiff has not organized and filed his evidentiary exhibits in accordance with our local rules. *See* dkt. 95–97 (labeling exhibits as "A1," "A2," etc.). As we previously explained, Local Rule 5-6(a) "require[es] that all exhibits be affixed with 'a title which describes its content.' " Dkt. 84 at 14 (quoting S.D. Ind. L.R. 5-6(a)). Given the volume of Plaintiff's submissions, his compliance with our Local Rules is not a mere technicality; it is essential to facilitating our ability to locate and review his evidence. We again remind Plaintiff that his future noncompliance may result in our striking noncompliant submissions. *See id.* (citing S.D. Ind. L.R. 1-3).

**Motion to Request Consideration of Full Procedural Record [Dkt. 101]**

Plaintiff requests that, in resolving any dispositive motion in this case, we "consider the full procedural record," including any submissions previously stricken by the Court. Dkt. 101 at 1, 2. We can discern neither the purpose nor legal basis for this request. As such, Plaintiff's Motion to Request Consideration of Full Procedural Record shall be **DENIED**. Dkt. 101.

**Motion to Withdraw Complaint [Dkt. 116]**

On June 25, 2025, we ordered Plaintiff to show cause why he should not be sanctioned for "an alarming number of legal misrepresentations" that we discovered in his filings, including "falsely attributed quotations; blatant misstatements of cited authorities' holdings; and (at least one) citation to a case that does not exist." Dkt. 115 at 2. On the heels of that order, Plaintiff moved to withdraw his complaint without prejudice and without the imposition of sanctions against him, which motion we shall construe as a motion for voluntary dismissal pursuant to Rule 41(a)(2). Dkt. 116. He seeks to voluntarily dismiss this action due to the "emotional, logistical, and caregiving burdens" that have arisen from his spouse's ongoing cancer treatment as well as the financial constraints he is experiencing. On June 30, 2025, Indiana University filed its response brief in opposition, dkt. 117, and Plaintiff filed his reply brief later that same day, dkt. 119.[2] Thus, Plaintiff's Motion to Withdraw his Complaint is fully briefed and ripe for ruling.

---

[2] For reasons that are not readily apparent to us, Plaintiff has styled his reply brief as a surreply.

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Although typically "without prejudice" by default, Rule 41(a)(2) dismissals "may be conditioned upon the plaintiff fulfilling whatever terms and conditions the district court, in its discretion, deems necessary to offset the possible prejudice [a] defendant may otherwise suffer from [a] plaintiff dismissing his complaint without prejudice." *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994). Such conditions include, for instance, requiring that the dismissal be with prejudice and/or requiring that the plaintiff pay the defendant's costs and attorney's fees. *See id.*; *Cauley v. Wilson*, 754 F.2d 769, 771 (7th Cir. 1985). "[A] plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion but only with prejudice." *Marlow*, 19 F.3d at 305.

"The district court abuses its discretion" in granting a motion for voluntary dismissal without prejudice "only when it can be established that the defendant will suffer 'plain legal prejudice' as the result of the district court's dismissal of the plaintiff's action." *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986). Ultimately, though, "Rule 41(a)(2) requires *the plaintiff* to persuade the district court and to establish that voluntary dismissal is warranted. Without such demonstration, an action shall not be dismissed at the request of a plaintiff." *Tolle v. Carrol Touch, Inc.*, 23 F.3d 174, 177–78 (7th Cir. 1994) (emphasis added) (internal citation omitted); *e.g.*, *Nwatulegwu v. Boehringer Ingelheim Pharms., Inc.*, 668 F. App'x 173, 175 (7th Cir. 2016).

Relevant considerations in assessing whether the defendant will suffer "legal prejudice" as a result of dismissal without prejudice include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pace v. Southern Express Co.,* 409 F.2d 331, 334 (7th Cir. 1969); *see Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980).

Before applying these legal principles to Plaintiff's present motion, we note that this is now the second time we have addressed such a request from Plaintiff. The record reflects that, in April 2025, Plaintiff moved to voluntarily dismiss his complaint without prejudice. *See* dkt. 80. In addressing that motion in our May 6, 2025, order, we explained to Plaintiff that a prejudice-free dismissal at that late stage in the litigation would undoubtedly impose prejudice on Indiana University, which had expended significant time and resources in defending his lawsuit. Dkt. 84 at 9–11. As such, Plaintiff was provided the option of either dismissing his lawsuit *with* prejudice or withdrawing his motion. *Id.* at 11. On May 10, 2025, Plaintiff chose the latter. Dkt. 86. Less than two months later, Plaintiff has renewed his request for dismissal without prejudice. Dkt. 116.

Applying the appropriate legal standard, we conclude that Plaintiff has failed to carry his burden of establishing that dismissal without prejudice is appropriate under the circumstances of this case. First, Indiana University has expended substantial time and resources conducting discovery, responding to Plaintiff's (excessive, often abusive) filings, and preparing a motion for summary judgment, dkt. 59. Notably, in May 2025—after

Indiana University had filed its summary judgment motion—Indiana University complied with our order directing it to reproduce nearly 8,500 discovery documents, based on Plaintiff's assertion that he did not have access to the production previously provided to his former counsel (who long ago had withdrawn), thereby hindering Plaintiff's ability to prepare a responsive brief. Dkt. 105, 105, 123. This added burden imposed on Defendant demonstrates the substantial efforts undertaken by Indiana University (and the Court) to usher this lawsuit to the point of a final resolution on the merits. These investments weigh against Plaintiff's motion for dismissal without prejudice.

A review of Plaintiff's supporting briefs, dkt. 116, 119, and this litigation's procedural history also suggests that Plaintiff's renewed request for dismissal without prejudice is a clear attempt by him to avoid the (potential) imposition of sanctions based on his improper actions in waging this litigation as well as to delay a final ruling on the merits of his claims. Tellingly, Plaintiff requests that we grant his motion for voluntary dismissal in order to "render moot all pending questions concerning sanctions or disciplinary proceedings . . . ." Dkt. 116 at 6. As we noted in our June 25th show cause order, Plaintiff's conduct has "obstructed the progress of these proceedings" throughout and created numerous unnecessary case management difficulties. Dkt. 115 at 6. Under these circumstances, dismissal without prejudice is not warranted.

Lastly, we turn to Plaintiff's explanation of the need for a dismissal without prejudice, concluding that Plaintiff's stated reasons do not justify the relief he seeks. Plaintiff argues that the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution permit a party to withdraw from litigation without penalty. Dkt. 116 at

13

3. He also contends that the Americans with Disabilities Act (the "ADA") requires federal courts "to ensure meaningful access to judicial processes by individuals with cognitive, neurological, or psychological disabilities," which evidently encompasses a litigant's "right to disengage when the demands of adversarial litigation become objectively incompatible with the litigant's functional limitations." *Id.* at 4.

Indiana University does not challenge—nor do we question the veracity of—Plaintiff's spouse's reportedly escalating medical needs and the mental, emotional, and financial burdens that Plaintiff faces as a result. Plaintiff's stated desire to disengage from this litigation may well be reasonable in light of these personal and familial challenges. Likewise, "[a]n inability to continue litigation due to financial constraints [certainly] can be a legitimate consideration for dismissing a case without prejudice." *Mallory v. Rush Univ. Med. Ctr.*, No. 18 C 4364, 2020 WL 6559155, at *5 (N.D. Ill. Nov. 9, 2020). Here, however, Plaintiff has stopped short of explaining how his personal circumstances defeat or outweigh the legal prejudice that Indiana University would suffer as a result of a dismissal without prejudice.

Plaintiff's arguments based on the Fifth and Fourteenth Amendments and the ADA are similarly misplaced and unavailing. Whatever right Plaintiff might have to "disengage" in this litigation does not entitle him to do so exclusively on terms to which he alone is amenable. At bottom, Plaintiff has failed to carry his burden, as the moving party, to demonstrate that dismissal without prejudice is permissible in this case. With regard to Plaintiff's limited capacity, financial and otherwise, to continue litigating, we shall grant his motion to withdraw only **on the condition that dismissal is with prejudice**. Otherwise,

14

Plaintiff shall have **fourteen (14) days** from the date of this Order to withdraw his motion for voluntary dismissal. If Plaintiff fails to withdraw his motion, the Court will grant Plaintiff's motion for voluntary dismissal specifying that the dismissal is **with** prejudice.

### Motion for Leave to Proceed *In Forma Pauperis* [Dkt. 121], Motion for Exemption from PACER Fees [Dkt. 129], Motion for Relief [Dkt. 135], and Motion to Expedite [Dkt. 147]

On July 17, 2025, Plaintiff moved for leave to proceed *in forma pauperis*, dkt. 121, and, approximately one month later, on August 13, 2025, he moved for an exemption from fees for Public Access to Court Electronic Records ("PACER"), dkt. 129. On October 21, 2025, Plaintiff filed a self-entitled "request for relief regarding pending IFP and PACER access," which reiterates his difficulties with electronic access to court documents. Dkt. 135.

*In forma pauperis* status allows a litigant to initiate a lawsuit in federal court without prepaying the filing fee. *See* 28 U.S.C. § 1915(a)(1); *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (explaining that "all § 1915(a) does for any litigant is excuse *pre*-payment of fees.") (emphasis in original). Here, Plaintiff prepaid the $405 filing fee when he initiated this lawsuit in March 2024. Dkt. 1. His Motion for Leave to Proceed *In Forma Pauperis* shall be **DENIED** accordingly. Dkt. 121.

Plaintiff also seeks an exemption from PACER fees. Dkt. 129. Plaintiff asserts that he relies on PACER to monitor docket activity, examine filings, track deadlines, and prepare submissions. *Id.* at 1. On August 13, 2025, Plaintiff received a notice from PACER that it was unable to process an automated payment for $333.90 because the card on file "ha[d] been declined," dkt. 129-1, though Plaintiff says this nonpayment was due to

"insufficient funds," dkt. 129 at 1–2. Plaintiff requests, *inter alia*, that we exempt him "from incurring PACER fees in this matter only for a period of six (6) months" and that we order the temporary restoration of Plaintiff's access to his PACER account. *Id.* at 3.

The Judicial Conference of the United States prescribes fees for electronic public access to court records. *See* 28 U.S.C. § 1914. According to the PACER fee schedule, "[p]arties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer." U.S. Courts, *Electronic Public Access Fee Schedule*, https://www.uscourts.gov/court-programs/fees/electronic-public-access-fee-schedule (last visited Nov. 26, 2025). The Judicial Conference has authorized courts to "exempt certain persons or classes of persons," including "indigents," from PACER fees so long as they show that "an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *Id.*

Here, we find that a limited exemption from PACER access fees is appropriate in this case, given Plaintiff's self-represented status as well as his reported relocation to Spain. *See* dkt. 135. Accordingly, Plaintiff's Motion for Exemption from PACER Fees shall be **GRANTED**. Dkt. 129. This exemption is limited to electronic case files maintained by this Court for this case only. Plaintiff shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this Court, nor shall this Order affect any preexisting balance that Plaintiff owes. The following limitations also apply:

1. This fee exemption applies only to Plaintiff and is valid only in the pending litigation and for the purposes stated above.

16

2. This fee exemption applies only to the electronic case files of this Court that are available through the PACER system.

3. By accepting this exemption, Plaintiff agrees not to sell for profit any data obtained as a result of his receiving this exemption.

4. Plaintiff is prohibited from transferring any data obtained as a result of receiving this exemption, including redistribution via internet-based databases.

5. This exemption shall be valid for a **three (3) month period**, beginning on the date of this Order.

This exemption may be revoked at the discretion of the Court at any time.

Plaintiff's Motion for Relief and Motion to Expedite shall be **DENIED as moot**. Dkt. 135, 147.

## CONCLUSION

For the reasons stated above, the June 25, 2025, Show Cause Order is hereby **DISSOLVED**. Dkt. 115.

Additionally, the following motions are **DENIED**:

- Motion to Compel Proper Notice & Disclosure of Counsel & Request for Sanctions, dkt. 63;

- Motion to Strike or Exclude Deposition Testimony or, Alternatively, for a Protective Order, dkt. 79;

- Motion for Judge Garcia's Recusal, dkt. 85;

- Emergency Motion to Stay All Proceedings, dkt. 87;

- Motion to Refer Plaintiff's Motion to Recuse, dkt. 91;

- Motion for Oversight and Emergency Intervention to Preserve Judicial Integrity, dkt. 93;

- Motion to Vacate All Prior Orders, dkt. 92;

- Motion for Leave to File Limited and Conditioned Surreply, dkt. 95;

- Motion to Certify Record for Appellate Review, dkt. 98;

- Motion to Request Consideration of Full Procedural Record, dkt. 101;

- Motion for Leave to Proceed *In Forma Pauperis,* dkt. 121;

- Motion for Relief, dkt. 135; and

- Motion to Expedite, dkt. 147.

Plaintiff's Motion for Exemption from PACER Fees is hereby **GRANTED**, in accordance with the conditions set forth herein. Dkt. 129.

Additionally, Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to withdraw his Motion to Withdraw (his) Complaint. Dkt. 116. If Plaintiff withdraws his motion, the case will proceed accordingly; if he does not, the Court will grant his motion with the stipulation that the dismissal is **with prejudice**.

IT IS SO ORDERED.

Date:
_____12/2/2025_____

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

18

Distribution:

ENRIC MALLORQUI-RUSCALLEDA
10775 Lotus Drive
Garden Grove, CA 92843

Emily M Stultz
emstultz@iu.edu

Myekeal D Wynn, Jr
Indiana University Office of General Counsel
myesmith@indiana.edu