UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ENRIC MALLORQUI-RUSCALLEDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00519-SEB-MG |
| | ) | |
| THE TRUSTEES OF INDIANA UNIVERSITY - PURDUE UNIVERSITY INDIANAPOLIS, | ) ) | |
| | ) | |
| Defendant. | ) | |

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND DIRECTING FURTHER PROCEEDINGS

In March 2024, Plaintiff Enric Mallorqui-Ruscalleda ("Plaintiff") initiated this employment discrimination lawsuit against his former employer Defendant Trustees of Indiana University – Purdue University Indianapolis ("Defendant"). Although initially represented by counsel, Plaintiff has proceeded in this matter *pro se* since September 2024. Dkt. 25, 31. Now before the Court is Plaintiff's Objections, dkt. 157, 158, filed on January 20 and 29, 2026, respectively, contesting two pretrial rulings issued by the Magistrate Judge, dkt. 153, 155. Defendant has filed no response, and the time for doing so has passed. Plaintiff's Objections are thus ripe for ruling. We address each *seriatim*.

### LEGAL STANDARD

Under Rule 72(a) of the Federal Rules of Civil Procedure, magistrate judges may resolve certain "pretrial matter[s] not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). "[W]ithin 14 days after being served with a copy" of the magistrate judge's ruling, a "party may serve and file objections," in which circumstance the "district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *accord* 28

1

U.S.C. § 636(b)(1)(A). The clearly erroneous standard of review is "extremely deferential, and will only be found to exist where the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pinkston v. Madry*, 440 F.3d 879, 888 (7th Cir. 2006) (internal quotations and citations omitted).

**DISCUSSION**

**I.     The Discovery Order**

Non-expert discovery in this case closed nearly eighteen months ago, on January 20, 2025, and expert and damages-related discovery closed almost a year ago, on June 20, 2025. Dkt. 19. On March 20, 2025, Defendant filed its Motion for Summary Judgment, which remains pending and will be reviewed and resolved in due course. Dkt. 59. On May 22, 2025, the Magistrate Judge ordered Defendant to reproduce the entirety of its nearly 8,500-page discovery production to Plaintiff. Dkt. 104. (Although Defendant had previously transmitted these materials to Plaintiff's former counsel, Plaintiff maintains that he himself had no such access to the files.) On June 9, 2025, upon notice that Plaintiff had not yet received Defendant's discovery reproduction through certified mail, Defendant provided Plaintiff with a Secure Share link through which discovery materials could be accessed electronically. Dkt. 112.

Thereafter, during a July 18, 2025, status conference with the Magistrate Judge, Plaintiff "indicated he was having issues opening certain files." Dkt. 123 at 2. On July 30, 2025, the Magistrate Judge directed Plaintiff to communicate to defense counsel "the name of each file he is [reportedly] unable to access" and instructed Defendant to "make every effort to ensure Plaintiff can access any files identified." *Id.* Two weeks later, on August 14, 2025, Defendant filed a notice stating that Plaintiff had not identified any specific file that he was unable to access (despite his prior insistence to the contrary). Dkt. 127.

2

Two and a half months later, on November 1, 2025, Plaintiff moved to reopen discovery in order to conduct depositions of certain unnamed decisionmakers as well as to issue subpoenas duces tecum to Indiana University's custodian of records. Dkt. 138. Plaintiff also realleged that Defendant's discovery production was "defective" and "rendered unusable due to corruption, missing metadata, and incomplete attachments." *Id.* at 1. Defendant opposed the motion as legally baseless while also reiterating its willingness to rectify any digital access issues pertaining to specific records, should Plaintiff identify any such. Dkt. 140. On January 16, 2026, the Magistrate Judge denied Plaintiff's motion because "Plaintiff ha[d] not made a sufficient showing as to which items produced by Defendant are 'fragmented, corrupt, or inaccessible' despite having sufficient time to do so. Any concerns over defendant's production at this point are waived." Dkt. 153 (hereinafter, the "Discovery Order").

On January 29, 2026, Plaintiff objected to the Discovery Order, contesting the Magistrate Judge's conclusions that Plaintiff had failed to make a sufficient showing to warrant reopening discovery at this late stage in the litigation and that Plaintiff had waived his concerns about discovery production. Dkt. 158. Plaintiff also asserts that reopening discovery will promote judicial economy by ensuring that any ruling on the merits is supported by a "usable record." *Id.* at 10–11. None of Plaintiff's arguments have any merit.

Our review of the procedural history in this matter reveals numerous ways in which both the Court and Defendant have patiently accommodated Plaintiff's self-represented status and his repeated assertions concerning his inability to access and review discovery materials. For example, the Magistrate Judge directed Defendant to reproduce more than 8,500 pages of discovery in May 2025 and thereafter required Defendant to provide multiple notices on the status of discovery. In response to Plaintiff's reported difficulties accessing discovery materials, the Magistrate Judge

instructed Plaintiff to "email Defense counsel with the name of each file he is unable to access." Dkt. 127 at 2. Plaintiff has likewise been repeatedly advised that opening certain .txt documents may require him to conduct his own research on how to utilize his specific word processing software. *See* dkt. 127-1 at 1. Defendant's August 14, 2025, notice and the email correspondence attached thereto establish that Plaintiff did not specify the name of a single file he purportedly was unable to access. Dkt. 127.

On this record, we have little difficulty concluding that Plaintiff's objection to the Discovery Order is legally and factually baseless. "[M]agistrate and district courts enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). Plaintiff has repeatedly failed to marshal the names of any specific file(s) that he is unable to access, despite numerous opportunities to do so. The Magistrate Judge did not err in finding that Plaintiff's allegations lacked adequate support.

The Magistrate Judge's conclusion that Plaintiff waived any additional concerns about Defendant's discovery production likewise was not clearly erroneous. After Defendant's August 14, 2025, notice regarding Plaintiff's failure to identify specific files, more than two months elapsed without any further word from Plaintiff concerning his ability (or purported inability) to review discovery materials. Plaintiff's silence, coupled with his failure to specify the names of allegedly inaccessible files, gives rise to the conclusion that Plaintiff waived further objections about Defendant's discovery production. For these reasons, Plaintiff's Objection to the Discovery Order shall be **overruled**. Dkt. 158.

## II.    The Order Denying Plaintiff's Motion to File Notice of Change of Address Under Seal

On October 27, 2025, Plaintiff moved to file a notice of his change in address under seal. Dkt. 137. On January 20, 2026, the Magistrate Judge denied Plaintiff's request, explaining that

"Plaintiff's mailing address was and has been publicly identified on the docket for some time and no substantial change in circumstances or showing by Plaintiff justifying sealing of it now has been made." Dkt. 155. Later that same day, Plaintiff filed his objection contending that the public disclosure of his current address is not necessary because such "information does not inform the Court's adjudicative function, illuminate the merits, or facilitate public oversight of judicial decision-making." Dkt. 157.

Plaintiff's objection falls short of establishing that the Magistrate Judge clearly erred in denying his motion to maintain his new address under seal. Accordingly, Plaintiff's Objection shall be **overruled**. Dkt. 157.

## CONCLUSION

For these reasons, Plaintiff's Objections are hereby **OVERRULED**. Dkt. 157, 158. Plaintiff's Motion to Hold Summary Judgment in Abeyance Pending Resolution of Rule 72(a) Objections is hereby **DENIED as moot**. Dkt. 154.

Defendant's Motion for Summary Judgment has remained pending on our docket since March 20, 2025. Dkt. 59. A final resolution of this litigation is long overdue. Plaintiff shall have **TWENTY-EIGHT (28) DAYS** from the date of this order within which to submit a response brief addressing Defendant's Motion for Summary Judgment. Dkt. 59. Plaintiff's brief must comport with our Local Rules concerning formatting requirements and page limitations. Plaintiff is also hereby informed that his brief will be regarded as the sole, operative response, thus superseding any of his prior submissions. *See* dkt. 61-1, 64, 104. Any failure by Plaintiff to fully comply with

these instructions could result in a summary ruling on Defendant's Motion for Summary Judgment.

Dkt. 59.

      IT IS SO ORDERED.

Date:
          5/28/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana


Distribution:

ENRIC MALLORQUI-RUSCALLEDA
10775 Lotus Drive
Garden Grove, CA 92843

Emily M Stultz
emstultz@iu.edu