UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ENRIC MALLORQUI-RUSCALLEDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00519-SEB-MG |
| | ) | |
| THE TRUSTEES OF INDIANA UNIVERSITY - PURDUE UNIVERSITY INDIANAPOLIS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S POST-JUDGMENT MOTIONS**

On September 30, 2026, we granted Defendant Trustees of Indiana University – Purdue University Indianapolis's ("Defendant") motion for summary judgment on *pro se* Plaintiff Enric Mallorqui-Ruscalleda's ("Plaintiff") employment discrimination claim. Dkt. 173. Final judgment was entered accordingly. Dkt. 174. This closed case is again before the Court due to a barrage of Plaintiff's post-judgment motions and miscellaneous filings, including successive Motions to Amend Judgment, dkts. 175, 176, and Motions to Proceed on Appeal *In Forma Pauperis*, dkts. 184, 185, filed on October 28, 2026; as well as Motions to Disqualify The Honorables Sarah Evans Barker and Mario Garcia, dkt. 189, 192, filed on October 29, 2026. We resolve these pending motions below with the dispatch to which they are entitled.

## I. Motions to Amend/Alter Judgment [Dkts. 175, 176] & Motions to Disqualify the Presiding Judges [Dkts. 189, 192]

It deserves to be noted at the outset that our jurisdiction to resolve Plaintiff's motions is significantly limited. Here, after moving to amend the judgment (but prior to seeking to "disqualify" the presiding trial court judges), Plaintiff filed a notice of appeal indicating his intent to challenge the summary judgment "together with all interlocutory rulings." Dkt. 182. "As a general

matter, a notice of appeal 'divests the district court of its control over those aspects of the case involved in the appeal.' " *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). A notice of appeal filed after the filing(s) of a timely Rule 59 and/or Rule 60 motion, however, "becomes effective after the order disposing of the post-trial motion[s] is entered." *Brown v. Pierson*, 12 F. App'x 398, 402 (7th Cir. 2001); *see* Fed. R. App. P. 4(a)(4)(B)(i). Thus, district courts do not lose jurisdiction to hear (and decide) post-trial motions because of the filing of a notice of appeal. *Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 370 (7th Cir. 1991). We therefore turn to Plaintiff's successive motions to alter or amend judgment, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b), which were timely filed within twenty-eight days following the entry of judgment.

Plaintiff's (first) Motion to Amend Judgment, filed on October 28, 2026, arises from a discrepancy in his mailing address as that information appeared in the Court's distribution list as well as from Plaintiff's requests for email notification of court orders and an extension of time to file a notice of appeal. Dkt. 175. Previously, Plaintiff provided the following mailing address to the Court: C/Ample, 15, 17244 Cassà de la Selva, Spain. Dkt. 137 at 5. Due to a scrivener's error, a portion of Plaintiff's address was inadvertently omitted from the distribution list. *See* dkt. 173 at 13. In the instant motion, Plaintiff provides the following as his correct address: Carrer Ample, 15, 17244 Cassà de la Selva, Girona, Spain. *See* dkt. 175 at 3. On November 2, 2026, the court reissued copies of the September 30th summary judgment order and final judgment to Plaintiff's Spanish address, which has now been corrected on the docket. Dkt. 194. We note without comment Plaintiff's ongoing responsibility to monitor the Court's electronic docket in order to remain current with any and all developments in his case.

Given the address "snafu," Plaintiff's (first) motion to amend judgment shall be **granted** to the extent that the discrepancy in his mailing address shall be and has been now corrected. Dkt. [175]. Due to Plaintiff's relocation outside the continental United States, the Clerk is further **directed** to add Plaintiff's email address—enric.mallorqui.ruscalleda@gmail.com—to the docket and to the list of email addresses that receives electronic notification in this case. Plaintiff's remaining request, namely, his request for an extension of time to file an appeal, is **denied as moot**.

On October 28, 2026, Plaintiff successively filed a second motion to alter or amend judgment under Rule 59(e) or, alternatively, for relief from judgment under Rule 60(b)(1), (3), and (6), dkt. 176, as well as a thirty-page supporting memorandum and more than 250 pages of exhibits, dkts. 177–81. Because Plaintiff's motion was timely filed within twenty-eight days of the September 30, 2026, judgment, we analyze his motion under Rule 59(e) only. *See* dkt. 176 at 1.

Rule 59(e) "requires the movant to demonstrate a manifest error of law or fact and present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (citation modified). A "manifest error" means that "the district court commit[ted] a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Ill.*, 865 F.3d 861, 868 (7th Cir. 2017) (citation modified). "Relief under Rule[ ] 59(e) . . . [is an] extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

In seeking reconsideration, Plaintiff identifies a litany of "supposed errors and deficiencies in" our "application of the law to the facts" relating to his untimely summary judgment materials, to the unfavorable resolution of his discrimination claim on the merits, and to alleged discovery shortcomings by defense counsel. *3SM Realty & Dev., Inc. v. F.D.I.C.*, 393 F. App'x 381, 384 (7th Cir. 2010). It is fair to note that throughout the course of this litigation, Plaintiff has been quick to

alert opposing counsel and the court of any perceived unfairness in these proceedings by filing literally dozens of successive motions, notices, and other miscellaneous submissions. *See generally* dkt. Plaintiff's litigation strategy, as we have said on prior occasions, has impeded our consideration and continues to obstruct a final resolution of these proceedings. *See* dkt. 115; dkt. 148 at 13; dkt. 162 at 2. Despite the prolix procedural history of this litigation, it is clear that a majority of the grievances outlined in Plaintiff's instant motion do not constitute manifest errors of law warranting reconsideration.

One aspect of Plaintiff's request for reconsideration stems from our having excluded his untimely summary judgment response materials without analyzing his then-pending motion for extension of time. This argument lacks merit. Plaintiff was adequately and emphatically forewarned of the consequences of his noncompliance with court-imposed deadlines, up to and including the issuance of our summary ruling on Defendant's Motion for Summary Judgment. Dkt. 159 at 5–6. In granting Plaintiff a limited extension of time on June 24, 2026, we specifically advised that "further efforts . . . to obtain additional extensions of time w[ould] likely be summarily denied, given the chronology of events" in this case. Dkt. 165 at 3. Given Plaintiff's pattern of dilatory and obfuscating tactics in conducting this part of this litigation, we deemed any additional extensions of time to be unwarranted. *See Spears v. City of Indianapolis*, 74 F.3d 153 (7th Cir. 1996) (affirming entry of summary judgment after district court denied non-movant's third motion for extension of time to respond). We hereby decline to revisit that decision and **deny** Plaintiff's second motion to alter/amend judgment accordingly. Dkt. [176].

Plaintiff's successive motions to disqualify the presiding judges, filed on October 29, 2026, following the filing of his notice of appeal, advance allegations of purported judicial conflicts of

interests warranting judicial disqualification under 28 U.S.C. § 455(a).[1] On December 2, 2025, we denied Plaintiff's first motion to require the recusal of Magistrate Judge Garcia under § 455(a) based on Judge Garcia's alleged "institutional engagements" with Indiana University. Dkt. 148 at 5–7. Our prior rejection of Plaintiff's arguments on the ground that they were legally baseless undermines Plaintiff's more recent effort to relitigate these issues.

As for the undersigned judge's disqualification, Plaintiff's motion is nothing other than a "heads-I-win-tails-you-lose" litigation strategy, coming as it does following the issuance of our final judgment against him. *Schurz Commc'ns, Inc. v. F.C.C.*, 982 F.2d 1057, 1060 (7th Cir. 1992), *amended* (Dec. 8, 1992). *See also In re Huntington Commons Assocs.*, 21 F.3d 157, 158 (7th Cir. 1994) ("Adverse rulings should be appealed; they do not form the basis for a recusal motion."). Plaintiff's delay in making this request for judicial disqualification *after* judgment gives away his real intentions. *See Whitlow v. Bradley Univ.*, 722 F. App'x 592, 593 (7th Cir. 2018). Plaintiff's reliance on the undersigned's board membership with the IU Health Methodist Health Group as well as miscellaneous other volunteer university engagements, among other things, as grounds for recusal are at best attenuated relationships that do not constitute conflicts of interest nor require judicial disqualification in the case at bar, particularly *after* final judgment in this case has been entered. Plaintiff's motions for disqualification shall be and are hereby **denied**. Dkts. [189], [192]. *See* Fed. R. Civ. P. 62.1.

[1] Plaintiff's second motion to alter/amend judgment also seeks judicial disqualification as part of his alternative request under Rule 60(b). Dkt. 176 at 3. Having resolved Plaintiff's second motion to alter/amend judgment as a timely Rule 59(e) motion, we do not address the additional grounds for relief asserted pursuant to Rule 60(b).

**II. Motion(s) to Proceed on Appeal *In Forma Pauperis* [Dkts. 184, 185]**

On October 28, 2026, Plaintiff filed two motions seeking leave to proceed on appeal *in forma pauperis*—one submission being almost entirely redacted, dkt. 184, and one having been filed under seal, dkt. 185. Federal Rule of Appellate Procedure 24(a)(1) provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court" and "must attach an affidavit that . . . shows in the detail prescribed by Form 4 . . . the party's inability to pay or to give security for fees and costs." Fed. R. App. P. (24)(a)(1)(A). "The financial affidavit form . . . is a relatively unobtrusive document which elicits information in regard to the petitioner's overall financial standing." *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980) (discussing financial affidavit form prescribed by local rule in the Northern District of Illinois). Specifically, Form 4 requires the affiant to disclose his (and his spouse's) assets, cash on hand, and expenses, among other things. Concise responses to these inquiries help to "supply[ ] information that is useful to the court in reaching an informed decision as to whether to grant a petitioner's request to proceed" *in forma pauperis*. *Id.*

In support of his requested leave to proceed *in forma pauperis* on appeal in this case, Plaintiff has submitted a financial affidavit on the appropriate form, dkt. 185-1 at 2–7, as well as two (seemingly identical) "supplemental financial declarations," *id.* at 8–11; dkt. 185-2. A review of these submissions reveals that in his customary fashion he has unnecessarily obfuscated and confused what should be (and ordinarily is) a relatively straightforward assessment of a petitioner's ability to pre-pay a filing fee. For example, rather than providing a concise list of his and his spouse's sources of income, the value of their assets, and their expenses, Plaintiff directs our attention to his supplemental declaration(s) and/or states that the information is "not known." Despite these ambiguities, his financial affidavit does at least reveal that he and his spouse are "separated";

that his bank accounts contain no more than $100; that he earns approximately $285 on a monthly basis as an "independent expert"; and that his family in Spain supports him. Dkt. 185-1 at 4, 7. These financial circumstances support a finding that Plaintiff is unable to pre-pay the $605.00 appellate filing fee. As such, Plaintiff's Motion(s) to Proceed on Appeal *In Forma Pauperis* shall be **granted**. Dkts. [184], [185].

**CONCLUSION**

For the reasons stated above, Plaintiff's (first) Motion to Alter/Amend the Judgment is hereby **GRANTED** with regard to his corrected mailing address and request for email notification of court orders. Dkt. [175]. The Clerk is **DIRECTED** to add Plaintiff's email address—enric.mallorqui.ruscalleda@gmail.com—to the docket and to the list of email addresses that receives electronic notification in this case. The remaining aspects of Plaintiff's first Motion to Alter/Amend the Judgment are otherwise **DENIED as moot**. Dkt. [175].

Plaintiff's Motion(s) to Proceed on Appeal *In Forma Pauperis* are hereby **GRANTED**. Dkts. [184], [185].

The following motions are hereby **DENIED**:

- Plaintiff's (second) Motion to Alter/Amend the Judgment, dkt. [176];
- Plaintiff's Motion to Disqualify The Honorable Sarah Evans Barker, dkt. [189]; and
- Plaintiff's Motion to Disqualify The Honorable Mario Garcia, dkt. [192].

IT IS SO ORDERED.

Date: 11/10/2026

Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ENRIC MALLORQUI-RUSCALLEDA
Carrer Ample, 15
17244 Cassà de la Selva, Girona, Spain
enric.mallorqui.ruscalleda@gmail.com

Emily M Stultz
emstultz@iu.edu